Filed Feb. 1, 1895.

———————◆———————

No. 1,589.

## Dallin v. McIvor.

JUDGMENT.—*By Default.—Excusable Neglect.—Settlement and Agreement to Dismiss Action.*—Where a suit on account was brought and afterward, on the 7th day of January, 1890, a settlement was effected between plaintiff and defendant, and plaintiff agreed to dismiss his action against defendant, and relying upon such settlement and agreement of dismissal, defendant took no further notice of plaintiff's suit, and on the 10th day of January, 1890, plaintiff caused defendant to be defaulted, and took judgment against him, defendant having no knowledge of his default or the rendition of such judgment until the latter part of December, 1890, when he immediately instituted suit to have the same set aside; the defendant had a right to believe that plaintiff would dismiss his action, and not only was his failure to look after the case longer excusable neglect, but the failure of plaintiff to dismiss his action, and having defendant defaulted, was a fraud against defendant, and the default and judgment should be set aside.

SAME.—*By Default.—Question of Excusable Neglect, How Determined.*—The question of excusable neglect, etc., for which relief is sought, may be heard as in ordinary proceedings.

From the St. Joseph Circuit Court.

*W. A. Funk*, for appellant.

*A. Anderson*, for appellee.

Ross, C. J.—This was an action brought by the appellant under the latter clause of section 399, R. S. 1894 (section 396, R. S. 1881), to set aside a judgment rendered against him by default.

The facts as disclosed by the record are as follows: During the summer of the year 1889, Milton R. Wood and others forming a syndicate, were furnishing the "Indiana and Lake Michigan Railway Company" money with which to build a line of railroad from South Bend, Indiana, to St. Joseph, Michigan, the appellant having charge of the construction of the road, and the disbursement of the money furnished therefor; that the appellee who had furnished materials, and performed labor in the construction of the road, brought an action in the St. Joseph Circuit Court at the December term, 1889, against the appellant and the Indiana and Lake Michigan Railway Company, to recover therefor, demanding judgment for $2,827.17, and for a foreclosure of a mechanics' lien filed on account thereof against said railroad. Afterwards, on the 7th day of January, 1890, the Indiana and Lake Michigan Railway Company had a full and final settlement with the appellee, in which settlement there was found to be due appellee, upon his account sued on, the sum of six hundred dollars, which was thereupon paid him by said Milton R. Wood, and he thereupon executed and delivered the following agreement and dismissal of his action against appellant and the Indiana and Lake Michigan Railway Company, viz:

"McIvor *v.* Indiana and Lake Michigan Railway Company et al.

"In consideration of five hundred dollars in cost, and

the payment of one hundred dollars to Mr. Stanley, I hereby dismiss the foregoing suit, at my costs and expense, and do hereby release, satisfy and discharge all my claims of every name and nature against said railway company, and Milton R. Wood and associates.

"This being a final and full settlement without further accounting.

"Dated January 7, 1890.          W. McIvor."

That on the same day appellee's attorney was informed of the settlement, and shown the above receipt and agreement of dismissal. After this, appellant, relying upon such settlement and agreement of dismissal, took no further notice of the appellee's suit, and on the 10th day of January, 1890, appellee caused appellant to be defaulted, and took judgment against him for $2,-254.25. Appellant had no knowledge of his default or the rendition of such judgment until the latter part of December, 1890, when he immediately instituted this action. It is also alleged in the complaint that at the time the judgment was rendered, appellant was not indebted to appellee.

The courts, irrespective of section 399, *supra*, have inherent power to relieve against judgments procured by fraud. But the Legislature by this section have seen fit to empower courts of law to relieve from judgments taken through mistake, inadvertence, surprise or excusable neglect.

Whether the application be one under the statute or addressed to the equity side of the court, the party seeking relief must show that he has a meritorious cause of action or defense as the case may be, which is involved in the judgment from which he seeks to be relieved. *Buck* v. *Havens*, 40 Ind. 221; *Clandy* v. *Caldwell, Admr.*, 106 Ind. 256.

"It is not sufficient to show that injustice has been

done; but that it has been done under circumstances which authorize the court to interfere. Because, if a matter has been already investigated in a court of justice according to the common and ordinary rules of investigation, a court of equity can not take on itself to enter into it again. Rules are established, some by the Legislature, and some by the courts themselves, for the purpose of putting an end to litigation." 2 Story Eq. Jur. (13th ed.), section 896.

The statute makes it the imperative duty of the court, upon a proper showing, to grant the relief.

Cases may arise, however, when the facts alleged to show excusable neglect are not so convincing, but what they may or may not be deemed sufficient, in which event, the question of their sufficiency will be a matter to be determined by the court, to whom the application has been made, and this court will not review the decision of the *nisi prius* court unless it appears affirmatively that the court has abused its discretion.

In the case of *Wells* v. *Bradley, Holton & Co.*, 3 Ind. App. 278, this court said: "While the statute makes it the imperative duty of the court to set aside a judgment by default for the mistake, inadvertence, surprise or excusable neglect of the party against whom it has been taken, yet whether or not such mistake, inadvertence, surprise or excusable neglect has been shown is a question for the determination of the court from all the evidence given for and against the application; and, where such evidence is conflicting, it will not be weighed on appeal, and the judgment of the lower court will be sustained, as in other cases of conflicting evidence."

There is nothing in the record before us warranting the rendition of the original judgment against the appellant. In fact, that action was upon an account due the appellee from the Indiana and Lake Michigan Railway

Company, and, on its face, shows no liability on appellant's part. In this proceeding, however, we need not go into or consider the merit or demerit of appellee's action, but confine ourselves to the determination of the question as to whether or not the appellant has made sufficient showing of excusable neglect entitling him to be relieved from the judgment taken against him. It is evident that when the appellee made the settlement with the Indiana and Lake Michigan Railway Company accepting the amount agreed upon, and executed the agreement of dismissal of his action heretofore set out in this opinion, such settlement was complete and covered the entire subject-matter of that action. As already stated, that action was to recover on an account due from the railway company and to foreclose a lien existing against its railroad. When the account was settled and paid, there was nothing remaining upon which to prosecute the action. That the action would be dismissed by appellee, as agreed, appellant had a right to believe, and not only was his failure to look after the case longer excusable neglect, but the failure of appellee to dismiss his action, and his having the appellant defaulted and causing a judgment to be rendered against him a fraud, against which the court below should have granted relief.

In a proceeding of this character, the merits of the original cause of action or defense are not in issue. As to the causes for which relief is sought, namely, whether or not any mistake, inadvertence, surprise or excusable neglect resulted in the default and judgment, may be heard as in ordinary proceedings. *Dobbins* v. *McNamara*, 113 Ind. 54, and cases cited.

We think the facts in this case sufficient under the statute to entitle appellant to an opportunity to defend in the original action, and that the court below erred in holding otherwise.

Judgment reversed, with instructions to the court below to sustain the application to set aside the default and judgment and to permit appellant to appear and defend.

Filed Feb. 6, 1895.