## KING ET AL. v. WRIGHT, EXECUTRIX.

[No. 4,185.   Filed November 15, 1901.]

PLEADING.—*Mortgages.*—*Foreclosure.*—*Non est Factum.*—Where in an action on a note and to foreclose a mortgage securing the same, the mortgage, containing an express promise to pay, is made a part of the complaint, an answer which denies the execution of the note, but does not deny the execution of the mortgage, is insufficient.  *p. 601.*

APPEAL AND ERROR.—*Joint Assignment.*—A joint assignment of error directed to two paragraphs of reply which is not good as to both paragraphs is wholly bad.  *pp. 601-603.*

SAME.—*Assignment of Error.*—*Conclusions of Law.*—Conclusions of law stated by the court on the special findings of facts must be questioned by an assignment of errors, not presented as reasons for a new trial.  *p. 604.*

From Floyd Circuit Court; *W. C. Utz,* Judge.

Action by Lizzie A. Wright, executrix, against Edward King and Martha A. King to foreclose a mortgage. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*E. C. Hughes* and *C. H. D. Gibson,* for appellants.
*W. H. Watson* and *M. Z. Stannard,* for appellee.

COMSTOCK, J.—This case was transferred from the Supreme Court. It was commenced in the Clark Circuit Court and upon change of venue tried in the Floyd Circuit Court. Appellee, plaintiff below, sought to recover personal judgment on two notes against appellants and to foreclose two mortgages given by appellants to secure the same.

The complaint was in two paragraphs. With other averments the first alleges that on June 14, 1895, Edward King and Martha A. King executed their note in favor of Hannah Moore, appellee's decedent, for the sum of $2,100, and on the same day executed in favor of said decedent a mortgage on certain real estate therein described to secure the payment thereof. The second alleges that on August 20, 1896, said King and King executed their certain other note for the sum

of $550 to appellee's decedent, and to secure the payment of the same executed a second mortgage on the same real estate. Upon request of appellee, the court made a special finding of facts and stated conclusions of law. Upon the special finding of facts and conclusions of law, judgment was rendered for appellee for the amount of the principle, interest, and attorney's fees of said notes; holding that Edward and Martha A. King executed the notes and mortgages as principals, and rendered judgment thereon and decreed the sale of the land.

The errors assigned are that the court erred in sustaining plaintiff's demurrer to the third paragraph of the separate answer of Martha A. King to the first paragraph of the complaint; in overruling Martha A. King's motion for a new trial; in overruling Martha A. King's demurrer to plaintiff's replies to the fifth and sixth paragraphs of answer to the first and second paragraphs of complaint. The third paragraph of the answer in question denies under oath the execution of the notes set out respectively in the first and second paragraphs of complaint. It is sworn to and is a plea of *non est factum* as to the notes. The mortgages given to secure the notes in suit are signed by the appellants, made parts of the first and second paragraphs of complaint respectively, and each contains the express promise of appellants as follows: "And the mortgagors expressly agree to pay the sum above mentioned", etc. The execution of the mortgages, or either of them, is not denied. This paragraph is directed and pleaded in bar of each paragraph of the complaint. It is not an answer to that part of the action founded on the mortgages, and is therefore insufficient. *Walker* v. *Walker,* 150 Ind. 317.

The language of the fourth specification of error is that "The court erred in overruling defendant [now appellant] Martha A. King's demurrers to the plaintiff's replies to the fifth and sixth paragraphs of answer to the first and second paragraphs of complaint." The fifth paragraph of answer

to the first paragraph of complaint alleged that at the time of the execution of said note and mortgage mentioned in said paragraph, and ever since, she and Edward King were husband and wife, and that at said time they were the owners of the real estate described in the mortgage as tenants by entireties, and that she was not at the time of the execution of the said note and mortgage indebted to the decedent, and that they were executed by Edward King as security for money borrowed by him from the decedent long previous to the time of the execution of the note and mortgage; that the money so borrowed was used by said Edward solely for his own use and benefit, and that she only executed the note and mortgage as surety for Edward, if she in fact did execute the same.

The sixth paragraph of answer alleges that she was an uneducated woman; that she could not read or write, did not know one letter from another; that she did not sign or make her mark to either the note or mortgage described in the first paragraph of complaint, or authorize any one to do so, and that she did not know until informed by her attorney after the institution of the suit that it was claimed or pretended that she had signed the said note and mortgage or authorized anyone to make her mark to the same. Said appellant admitted that she acknowledged the said mortgage, but under misunderstanding and misrepresentations in this, that when she was called upon to acknowledge the mortgage by the notary she stated that she could not read or write and that she then asked what the mortgage was for, and it was then explained to her by the notary and her husband that the mortgage was to be made to secure notes executed by the said Edward King, previously to the said decedent, for money borrowed by the said Edward previously from the said decedent, in divers amounts, at divers times; that said notes were given in lieu of other notes made by the said Edward to the said decedent, when he borrowed the money from said decedent; said Martha said she relied on said represen-

tations, and under the belief that said mortgage was given to secure the notes given by Edward to decedent for money previously borrowed at divers times. She acknowledged the mortgage, but said that the recitals in said mortgage that said mortgage was made to secure the payment of a note signed by Edward and Martha King were false, and a fraud upon her rights, and a deception practiced upon an illiterate woman. This answer was signed and sworn to by Martha A. King.

The said Martha A. King also filed a fifth paragraph of separate answer to the second paragraph of complaint. This paragraph presents the same allegations as to note and mortgages mentioned in the second paragraph of the complaint as were alleged in the fifth paragraph of answer to the first paragraph of complaint. She also filed her sixth paragraph of separate answer to the second paragraph of the complaint. This paragraph presents the same allegations as to note and mortgage mentioned in the second paragraph of complaint as were alleged in the sixth paragraph of answer to the first paragraph of complaint. This paragraph was signed and sworn to by Martha A. King.

Demurrers to these answers were overruled. Appellee replied to these answers in two paragraphs, (1) by general denial, (2) pleading ratification of the notes by the execution of the mortgages.

The specification of errors as above set out is joint as to all the paragraphs of reply. As it is not good against the first paragraph, which is a general denial, it is wholly bad.

The first and sixth specifications of the motion for a new trial are that the special findings of facts are contrary to the evidence and not sustained by sufficient evidence. The second, third, fourth, and fifth challenge the correctness of the conclusions of law. The remaining reasons relate to the admission and rejection of evidence, and the refusal of the court to grant a new trial upon the ground of newly discovered evidence.

Conclusions of law stated by the court on special findings of facts must be questioned by an assignment of errors, not presented as reasons for a new trial. Said reasons two, three, four, and five can not therefore be considered.

It is insisted by counsel for appellee that the record presents no question upon the rejection or admission of evidence, or the sufficiency of the evidence, for the reason that the record contains no bill of exceptions.

An examination of the record shows that an attempt has been made to prepare the transcript under the act concerning the appointment of shorthand court reporters, approved March 3, 1899. It falls short of a compliance with that act. But inasmuch as that act has been held invalid by the Supreme Court, such failure is not material. The record includes the stenographer's report of the evidence, but it contains nothing which purports to be a bill of exceptions presented to the judge, signed by him and afterwards filed. The point made by counsel for appellee is well taken, and in the condition of the record we must presume in favor of the action of the trial court.

Judgment affirmed.