## Swift *v.* Swift.

[No. 11,486.   Filed January 5, 1923.]

1. Divorce.—*Bill of Particulars.—Discretion of Court.*—The granting or refusing of a motion for a bill of particulars in an action for divorce is usually within the sound discretion of the court under the facts, and its action will not be disturbed unless it appears that substantial injury has resulted therefrom. p. 201.

2. Divorce.—*Residence of Plaintiff.—Evidence.—Sufficiency.—Statutes.*—In view of §1066 Burns 1914, §1031 R. S. 1881, the evidence as to the required legal residence of plaintiff in an action for divorce needs only be "to the satisfaction of the court" trying the case.   p. 202.

3. Husband and Wife.—*Marriage.—Extinguishment of Debts.*—All debts owing by the wife to the husband at the time of marriage are discharged thereby.   p. 202.

4. Appeal.—*Briefs.—Objections to Evidence.—Waiver.*—Where appellant's brief fails to show any objection to the admission of evidence, no question in reference thereto is presented for review.   p. 202.

5. Divorce.—*Adjudication of Property Rights.—Property Settled on Wife by Injured Husband.*—Where the wife proves recreant to her marriage obligations, and has destroyed the

marital union by her misconduct, and the husband is thereby entitled to a decree of divorce, the court granting it has discretion to allot the injured husband such portion of the property or means which he has settled upon the wife as will place him in the position, to some extent at least, which he would have occupied had the union continued. p. 203.

From Brown Circuit Court; *Fremont Miller*, Judge.

Action by Alonzo Swift against Aura Swift. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*George W. Long, James M. Jones* and *John Rynerson,* for appellant.

*Henry E. White,* for appellee.

NICHOLS, C. J.—Action by appellee against appellant for divorce and for settlement of property rights

The complaint avers that the parties were married April 18, 1918, and that they continuously lived together as husband and wife until October 3, 1921, when they separated, without plaintiff's fault, and that they have not since lived or cohabited as husband and wife. After averring numerous specific acts of cruel and inhuman treatment, which we do not need to set out, the complaint avers that appellant owns a farm of 153 acres in Brown county, Indiana, the title of which has been for two years last past in her, but that appellee has contributed largely for the payment of the purchase price of such farm, in cash, and for material and labor, during their married life. That appellant owned certain property in Kokomo, Indiana, the proceeds of the sale of which were invested in said farm, and that appellee had contributed funds for the repair and upkeep of said Kokomo property, and had paid certain liens thereon, and was entitled to a part of the selling price of such property all of which was invested in the farm. That, in addition to properly maintaining and supporting appellant, appellee has paid more than $1,000 on the pur-

chase price of said farm in the manner above alleged. Such money was paid to appellant for her use and benefit, and with a promise by her to pay the same back to appellee upon sale of the Kokomo property, and the further promise to repay the same to appellee if it was invested in the farm. That appellee loaned $150 to appellant before marriage which has never been paid, and is still due and owing to appellee. That there is a large amount of personal property on the farm, a detailed statement of which is made, amounting to more than $1,000 which appellee purchased and paid for out of the proceeds of his earnings, which is in the possession of appellant, and by her appropriated to her own use. That in the management of said farm, and in equipping the same, he has executed a note for appellant and himself in the sum of $418, for the payment of which he is liable. The demand is for a divorce and for $1,900 for money advanced and paid out as averred.

A trial resulted in a finding and judgment in favor of appellee for divorce and for $1,250. From this judgment, after appellant's motion for a new trial was overruled, she appeals, assigning as error the court's action in overruling her motion to require appellee to file a bill of particulars, and in overruling her motion for a new trial.

Under appellant's proposition that the court erred in overruling her motion to require appellee to file a bill of particulars, she states but one point which is

1. as follows: "While neither party in a divorce proceeding is entitled as a matter of right to a bill of particulars, a bill of particulars may be ordered in the discretion of the court. 19 C. J. 123." The authority cited by appellant pertains only to a bill of particulars as to the alleged misconduct of the party accused, and has no reference whatever to the property rights of the litigants. The bill of particulars in the

instant case pertains solely to property rights. However, the granting or refusing of such a motion is usually in the sound discretion of the court under the particular facts of the case, and the court's action will not be disturbed unless it appears that substantial injury has resulted therefrom. The complaint in this case sufficiently apprised appellant of the nature of appellee's demand, and of the amount thereof, and we do not see that appellant was injured by the court's ruling. This was sufficient. *Leib* v. *Butterick* (1879), 68 Ind. 199.

In presenting alleged error of the court in overruling her motion for a new trial, appellant contends that there is no sufficient evidence that appellee had been a 2. resident of the state for two years, and of the county for six months, before the commencement of the action. We do not need to set out this evidence in detail. We hold that, while the evidence as to residence is not as definite as it might have been, yet, by proper inferences therefrom, the required legal residence was established. Such evidence needs only to be "to the satisfaction of the court trying the same." §1066 Burns 1914, §1031 R. S. 1881. The rule that should govern in this case is thus stated in the syllabus in *Maxwell* v. *Maxwell* (1876), 53 Ind. 363: "It is not necessary that there be formal and express proof of the residence of the petitioner required by the statutes * * * but it is sufficient, if, by the evidence in the cause, the facts be proved to the satisfaction of the court trying the cause."

Appellant complains of evidence of a loan of $150 made by appellee to appellant before their marriage, and for which appellee claimed that he should be 3, 4. reimbursed. It is the rule of the common law that any and all debts owing by the wife to the husband at the time of their marriage are discharged

thereby, and this rule has not been changed in this state by statute. *Gosnell* v. *Jones, Admr.* (1899), 152 Ind. 638, 53 N. E. 381; *Long* v. *Kinney* (1874), 49 Ind. 235. Under this rule, appellee could not recover for this indebtedness, but appellant's brief does not show that there was any objection to this evidence. In the absence of objection, no question is presented.

Complaint is made of the admission of other evidence, but, by failing to show objection thereto, appellant has waived error, if any.

The trial court has granted a divorce in this action to appellee on the ground of cruel and inhuman treatment, and the finding of the court as to such 5. charge is not challenged, appellant presenting error only as to the court's finding and judgment with reference to property rights. There was evidence before the court from which it could have found that appellee had expended for the purchase and improvement of appellant's real estate, and for equipping the same, in addition to his own work and labor, more than $2,500, all at the request and solicitation of appellant.

In *Walker* v. *Walker* (1898), 150 Ind. 317, 328, 50 N. E. 68, the court, citing 2 Bishop, Marriage and Divorce 509a, states the rule to be that where the wife proves recreant to her marriage obligations, and has destroyed the marital union by her misconduct, and her husband is thereby entitled to a decree of divorce, the court granting the same, has the discretionary power, and, under proper circumstances warranting the same, will generally exercise it, and allot to the injured husband such a portion of the property or means which he had settled upon the wife as will place him in the position, to some extent at least, which he would have occupied had the union continued. In view of this rule of law, and with the foregoing evidence before it, the court has given to appellee judgment for $1,250. Certainly the

judgment is sustained by the evidence, and appellant may not be heard to say that a right result has not been reached.

Judgment affirmed.