KEATON *v.* KEATON.

[No. 12,698.   Filed October 11, 1927.   Rehearing denied February 14, 1928.]

*W. E. Bussell* and *Samuel J. Offutt*, for appellant.
*Charles L. Tindall*, for appellee.

REMY, J.—Suit for divorce, on ground of cruel treatment, commenced by appellant against appellee. Appellee filed a cross-suit asking for a divorce on same ground, and, in addition to allegations of fact charging cruel and inhuman treatment, averred that early in their married life appellant falsely professed great love for appellee by which she led him to believe that she had for him an abiding love; that the false protestations of love were made for the purpose of inducing appellee to purchase and have conveyed to appellant a certain forty-acre tract of real estate; that believing appellant's protestations to be sincere, and in reliance thereon, appellee purchased the real estate and caused the title thereof to be conveyed to appellant with the understanding, however, that the real estate should be their joint property; that after the purchase of the land appellee paid off a mortgage of $1,000 which had been assumed as a part of the purchase price, and at his own expense made permanent improvements on the land the value of which improvements is $2,000; and that appellee is the owner in his own right of certain described personal property. The prayer of the cross-complaint is for a divorce, custody of the three minor children of the parties, that the deed conveying the real estate to appellant be set aside, that appellee be adjudged the owner of the real estate, and that a commissioner be appointed to convey real estate to appellee.

Trial resulted in a decree for appellee, by which he was

granted a divorce and the custody of the children, that he is the owner of the undivided one-half of the real estate and the owner of certain of the personal property described in the complaint. Appellant's motion for a new trial was overruled, and this appeal followed.

The only question which will require consideration is appellant's contention that the decision of the court is not sustained by sufficient evidence and is contrary to law.

As to the divorce, it is sufficient to say that there is competent evidence sufficient to sustain the decree. The question as to that part of the decree which fixes the property rights of the parties is not so easy of solution.

It is contended by appellant with much earnestness that there is no evidence to sustain the court's decision that appellee is the owner of one-half the real estate, it being contended that the fraud averred in the complaint is not sustained by sufficient evidence. Although there was evidence submitted which supported the averments of the complaint charging fraud, it is not necessary that the decree of the court should be sustained upon that theory. We shall not, therefore, discuss the evidence of fraud.

In this state, the law is settled that where a wife has proved recreant to her marriage obligations and has destroyed the marital union by her misconduct, the court granting a divorce to the injured husband may allot to him such portion of the property previously settled upon the wife by the husband as will place him, as near as may be, in the same position as he would have occupied had the marriage continued. *Swift* v. *Swift* (1923), 79 Ind. App. 199, 137 N. E. 568; *Walker* v. *Walker* (1898), 150 Ind. 317, 328, 50 N. E. 68.

There is competent evidence tending to prove that, at the time of the marriage, appellee was possessed of

certain personal property which comprised nearly all the capital the parties had, appellant having contributed but sixty dollars; that during the years the parties lived together as husband and wife, appellee worked upon and managed the farm, applying the proceeds on the purchase price thereof; and that, at the time of the purchase, it was agreed that the land should be owned by the parties jointly.

Having, upon sufficient evidence, granted to appellee a divorce from appellant because of her misconduct, we hold that, under the issues and the evidence, the court was authorized as a part of the decree, to award to appellee a half interest in the real estate. Affirmed.