RADABAUGH *v.* RADABAUGH.

[No. 16,441. Filed June 30, 1941.]

*Arthur Metzler,* of Rochester, and *William J. Reed* and *Paul E. Reed,* both of Knox, for appellant.

*Floyd O. Jellison,* of South Bend, and *Lutz, Johnson & Lutz,* of Indianapolis, for appellee.

FLANAGAN, J.—Appellee brought this action against appellant for divorce, and appellant filed a cross-complaint asking for a divorce and alimony.

The court upon request found the facts specially, filed its conclusions of law, and rendered a decree granting appellant a divorce, adjudging rights to certain real and personal property, and denying appellant alimony.

Appellant excepted to the conclusions of law, filed a motion for a new trial, which was overruled, and a motion to modify the judgment, which was also overruled. Reasons set forth in the motion for a new trial are: (1) That the decision of the court is not sustained by sufficient evidence; (2) that the decision of the court

is contrary to law; and (3) that the court omitted to find certain essential facts.

An examination of the evidence discloses that it is sufficient to sustain the court's finding; and while the facts, which appellant asserts were omitted by the court, might properly have been found, they are not, in our opinion, essential to a determination of the issues involved. No other alleged error is pointed out by appellant in connection with its motion for a new trial, and we find no error in the overruling of that motion.

The court's conclusion of law number 4 is to the effect that, of a certain mortgage loan of $3500.00, appellant shall own $632.00 and appellee $2868.00. Appellant contends that she is the owner of one half of this mortgage loan.

The finding of the court is that $632.00 of money inherited by appellant and $2868.00 of money earned by appellee during the period of the marriage was loaned to one Clarendine Brucker, a brother of appellant, who executed his note to both appellant and appellee in the sum of $3500.00 and secured the note by a real estate mortgage which was taken and duly recorded. The court further found that appellant worked for several years prior to her separation from appellee and prior to the making of the loan in question and that her wages were either used in the maintenance of the family or deposited in the account from which the $2868.00 was withdrawn to make the loan. There is no finding of any agreement, understanding, or arrangement between appellant and appellee as to the proportionate interest each should have in the loan in question.

The court also found that appellant and appellee had purchased real estate which they had had deeded to themselves as tenants by entireties.

When a note and mortgage are made payable to a husband and wife, it is the general rule that each owns an undivided one-half interest, even though the consideration for the note and mortgage is the separate property of the husband. It is presumed that the husband intended to make his wife a gift of a one-half interest. Otherwise he would not have had the instruments so drawn. *Collyer* v. *Cook* (1902), 28 Ind. App. 272, 62 N. E. 655. See also *Anderson Banking Co.* v. *Gustin* (1926), 84 Ind. App. 102, 146 N. E. 331.

In the instant case, the husband and wife had pooled their funds, regardless of source, to purchase real estate, to maintain the family, and to make the loan in question. Under such circumstances, the mere fact that the wife made a contribution toward the particular transaction of $632.00 from her own funds, would not alone and of itself evidence an intention that she should own only that amount of the note; nor would her making of such contribution and its acceptance by the husband evidence any intention inconsistent with the presumption that the husband, in receiving the note and mortgage made to both himself and wife, intended to make a gift to his wife of a one-half interest. Had she contributed nothing, the presumption, being unrebutted, would control, and she would become the owner of one half. It seems neither fair nor logical to say that because she did contribute something she should be penalized by becoming the owner of less than one half. There being no finding of any intent, understanding, or agreement to the contrary, we hold that by the transaction in question, the husband

and wife became each the owner of an undivided one-half interest in the note and mortgage.

It is true that in a divorce proceeding in which the court has acquired jurisdiction of the subject-matter and the parties, such court has the power to, and in case a divorce is decreed, in fact does, adjudicate between the divorced parties all property rights growing out of or connected with the marriage. *Wise* v. *Wise* (1918), 67 Ind. App. 647, 653, 119 N. E. 501; *Walker* v. *Walker* (1898), 150 Ind. 317, 50 N. E. 68; *Murray* v. *Murray* (1899), 153 Ind. 14, 53 N. E. 946.

It is also settled that where a wife has proved recreant to her marriage obligations and has destroyed the marital union by her misconduct, the court granting a divorce to the injured husband may allot to him such portion of the property previously settled upon the wife by the husband as will place him, as near as may be, in the same position as he would have occupied had the marriage continued. *Keaton* v. *Keaton* (1928), 87 Ind. App. 39, 41, 158 N. E. 251; *Swift* v. *Swift* (1923), 79 Ind. App. 199, 137 N. E. 568; *Walker* v. *Walker* (1898), 150 Ind. 317, 328, 50 N. E. 68.

But where, as in this case, a divorce is decreed because of the misconduct of the husband, the court is not justified in taking from the guiltless wife property previously settled upon her by her husband and giving it back to the guilty husband.

In the case of *Stultz* v. *Stultz* (1886), 107 Ind. 400, 8 N. E. 238, the husband had settled upon his wife certain real and personal property of the value of $3,000.00. He sought to have the court award him an equitable division of the property. The court said:

"Where a husband is entitled to a decree dissolving the marriage tie on account of the adultery or other gross misconduct of his wife, a state of cir-

cumstances might exist in which it would be proper to so allot a settlement of property made by the husband upon the wife, in consideration of marriage, or under other peculiar circumstances, as that the husband would be placed somewhat in the position he would have been had the union continued . . .

"We are, however, aware of no principle, nor are we cited to any authority, which would justify the revocation of a settlement of property, either in whole or in part, made by a husband upon his wife, in case a divorce was subsequently decreed to the wife on account of the misconduct of the husband. A husband who settles property upon his wife can only make the benefit of such settlement available to himself on condition that the marital union is not destroyed or rendered impossible in consequence of his misconduct. In this way the marriage tie is more closely cemented, and the husband is not awarded a premium for his misconduct by the revocation of a settlement when his wife is in no fault."

It was error for the court to conclude that appellee was the owner of less than an undivided one-half interest in the mortgage loan.

Appellant further contends that the court erred in not awarding her alimony.

The amount of alimony, if any, to be allowed under the statute, (Acts 1873, p. 107, § 3-1217, Burns' 1933, § 926, Baldwin's 1934) rests largely in the discretion of the trial court; and this court will not interpose upon an appeal except where there is an abuse of discretion. *Yost* v. *Yost* (1895), 141 Ind. 584, 588, 41 N. E. 11; *Glick* v. *Glick* (1927), 86 Ind. App. 593, 595, 159 N. E. 33.

At the time of the trial, the parties were the owners of real estate, as tenants by entireties, of the value of $3500.00, the mortgage loan above referred to, and household furniture which was given to appellant. Appellant had in the bank $1,000.00

of her own money. Appellee had no other property, was in debt $740.00, and was to be out of employment for a period of one year. Under the circumstances, and taking into consideration our conclusion above stated as to the ownership of the mortgage loan, we cannot say that the trial court abused its discretion in not granting appellant alimony.

Judgment reversed with instructions to the trial court to restate its conclusion of law number 4, and to render judgment in conformity with this opinion.

Stevenson, J., dissenting.

NOTE.—Reported in 35 N. E. (2d) 114.