BLAGETZ *v.* BLAGETZ

[No. 16,586.   Filed November 19, 1941.]

*George E. Hershman* and *Russell A. Nixon,* both of Crown Point, and *Charles E. Daugherty,* of Gary, for appellant.

*Gavit & Richardson,* of Gary, and *Frank B. Pattee,* of Crown Point, for appellee.

DEVOSS, P. J.—Appellant brought this action for divorce against appellee in the Lake Circuit Court, alleging as cause therefor, cruel and inhuman treatment. The complaint alleged further that at the time of her marriage to appellee, she was possessed of $1,000.00, and that by the joint efforts of appellant and appellee and said $1,000.00, they accumulated and became the owners of lots 7 and 8, Block 1, and lots 25 and 26, Block 7, South Broadway Addition; lots 1 and 2, Block 1, Second South Broadway Addition, and also lots 8, 9, 10, 11, and 12, Block 1, Carlson's First Addition in the city of Gary, Lake County, Indiana. The prayer in the complaint was for an absolute divorce and all other proper relief.

To this complaint, appellee filed an answer in general denial. Appellee also filed a cross-complaint, charging appellant with cruel and inhuman treatment and further

alleged that he was the owner of the property described in the complaint. The cross-complaint prayed that he be granted an absolute divorce, and that he be adjudged the sole owner of the real estate described in the complaint.

Appellant filed her answer to the cross-complaint in general denial. The cause was submitted to the court for trial, and a judgment rendered for appellant, granting her an absolute divorce and adjudging appellant and appellee the owners as tenants in common of lots 7 and 8, in Block 1, in South Broadway Addition, lots 8 to 12, inclusive, in Block 1, in Carlson's First Addition, and lots 25 and 26, in Block 7, in South Broadway Addition to Gary.

The judgment further provided that appellee was the individual owner of lots 1 and 2, in Block 1, Second South Broadway Addition. The judgment conformed specifically to the general finding of the court.

Appellant thereupon filed a motion to modify the judgment so that the same would decree that appellant and appellee are the owners as tenants in common of all of the real estate described in the complaint and held by them as tenants by entireties prior to and immediately before the judgment hereinabove was rendered. The motion to modify the judgment was overruled by the court and exception saved by appellant.

Appellant filed a motion for a new trial which was overruled by the court, exception was had to such ruling, and this appeal followed.

The errors assigned and relied upon for a reversal in this court are: (1) The court erred in overruling appellant's motion to modify the judgment; (2) the court erred in overruling appellant's motion for a new trial. The specific reasons for a new trial as set out in the motion therefor are: (1) The finding of the

court is not sustained by sufficient evidence; (2) the finding of the court is contrary to law.

The overruling of appellant's motion to modify the judgment is the first assigned error. By this motion, appellant sought to have the judgment changed, not only in form, but to have a judgment rendered entirely different from the finding of the court.

In the case of *Hinton, Admr.* v. *Bryant* (1934), 99 Ind. App. 38, 47, 190 N. E. 554, this court, in passing upon a motion to modify a judgment, said:

"The office of any such motion is to make the judgment in harmony with the verdict or finding, as the case may be, and it cannot be made to perform the office of a motion for a new trial; it may be used to correct some matter of form in a judgment, but not to secure the substitution of a different one."

See also *Haas* v. *Wishmier's Estate* (1934), 99 Ind. App. 31, 190 N. E. 548; *Moore* v. *Moore* (1924), 81 Ind. App. 169, 135 N. E. 362.

There is no error in overruling a motion to modify a judgment which follows the findings. *Heppe* v. *Heppe* (1926), 85 Ind. App. 39, 152 N. E. 293; *Wise* v. *Layman* (1926), 197 Ind. 393, 150 N. E. 368.

The judgment herein follows the finding, and we find no error in overruling such motion.

It is contended by appellant, under the reasons set forth in the motion for a new trial, that the evidence does not sustain the finding and judgment of the court relative to the real estate involved.

No question is raised or discussed by either of the parties relative to the sufficiency of the evidence to grant a decree of divorce to appellant on the grounds of cruel and inhuman treatment.

The evidence discloses that the parties hereto were married October 24, 1911, and separated April 21, 1938. During all the married life, the parties herein were industriously endeavoring to earn a livelihood and to save a portion of their earnings. It appears that in much of the work performed by appellee, he was assisted by appellant, and that during that time they purchased the real estate set out and described in the complaint. It further appears that not only did the appellant assist her husband in his work, but that she kept house and raised three children, the youngest of whom, at the time of the granting of the divorce, was 19 years of age. During the time the money and property were being accumulated, appellee testified that he turned all the money over to his wife and that the title of all the various property purchased was taken in the name of appellant and appellee as tenants by the entirety, "so if he (appellee) died she would take title in her name immediately without going through court."

It further appears from the testimony of appellee that he always gave her all he made and that he never cared what she spent or what she did with it.

It further appears that after lots 1 and 2, in Block 1, 2nd South Broadway addition were acquired, other real estate was purchased and the title thereto taken in the joint names of appellant and appellee.

Appellee testified that when he called upon his wife to get the money to pay for said lots 1 and 2 in Block 1, 2nd South Broadway Addition, only two thousand dollars was in the drawer, and that appellant said she had put her half in the bank, and that after some consultation she gave him all the money with the understanding that her name was put in the deed.

It has been established that in divorce proceedings wherein the court has acquired jurisdiction of the

parties and the subject-matter, such court is ██ empowered to adjudge and adjudicate all property rights growing out of or connected with the marriage. *Murray* v. *Murray* (1899), 153 Ind. 14, 53 N. E. 946; *Wise* v. *Wise* (1917), 67 Ind. App. 647, 119 N. E. 501. In the case of *Keaton* v. *Keaton* (1928), 87 Ind. App. 39, 41, 158 N. E. 251, in passing upon a like question as the one here involved, this court said:

> "In this State, the law is settled that where a wife has proved recreant to her marriage obligations and has destroyed the marital union by her misconduct, the court granting a divorce to the injured husband may allot to him such portion of the property previously settled upon the wife by the husband as will place him, as near as may be, in the same position as he would have occupied had the marriage continued."

In the instant case, however, the decree of divorce was awarded to the wife for the misconduct of the husband; and the evidence discloses that not only did the appellant earn part of the money which went into the property, but that the title thereto had been settled in the parties as tenants by the entireties; and there is no evidence of fraud or coercion in the procuring of the title.

In the case of *Stultz* v. *Stultz* (1886), 107 Ind. 400, 403, 8 N. E. 238, in passing upon a question similar to the one here involved, the Supreme Court said:

> "We are, however, aware of no principle, nor are we cited to any authority, which would justify the revocation of a settlement of property, either in whole or in part, made by a husband upon his wife, in case a divorce was subsequently decreed to the wife on account of the misconduct of the husband."

In the case of *Radabaugh* v. *Radabaugh* (1941), *ante* p. 350, 35 N. E. (2d) 114, this court said:

"But where, as in this case, a divorce is decreed because of the misconduct of the husband, the court is not justified in taking from the guiltless wife property previously settled upon her by her husband and giving it back to the guilty husband."

We conclude from the evidence that—a settlement of this property had been made upon his wife as a tenant by entirety; and in our opinion, the court erroneously concluded that the appellee was the owner in his individual right of lots 1 and 2 in Block 1, 2nd South Broadway Addition, but the finding and judgment of the court should have been that appellee and appellant were the owners as tenants in common of all the real estate described in the complaint and cross-complaint.

Judgment reversed with instructions to the trial court to re-state its finding and judgment in conformity with this opinion.

Curtis, J. Not participating.

NOTE.—Reported in 37 N. E. (2d) 318.