# GRAY *v.* MILLER.

[No. 18,296.   Filed June 23, 1952.]

*George W. Andrews* and *Robert Foust,* both of Marion, for appellant.

*Henry M. Dowling* and *Addison M. Dowling,* both of Indianapolis; *Reuben H. Berman* and *Roy Dempsey,* both of Marion; *Dowling & Dowling* (of counsel), of Indianapolis, for appellee.

BOWEN, J.—This is an appeal from a judgment in an action brought by appellant against the appellee to set aside so much of a judgment rendered in a divorce decree between the parties which divested the appellant of any interest in a real estate contract held by the parties, or in the alternative, as the first paragraph of the complaint prayed, that such part of such judg-

ment in default taken against appellant be set aside and that appellant be allowed to make his defense thereto. The second paragraph of complaint alleged that the court did not have jurisdiction to grant appellee all of the appellant's interest in the real estate contract held by the parties for the reason that such judgment was beyond the issues presented to the court for its determination by the appellee's complaint for divorce. The prayer of the second paragraph of appellant's complaint asked that the judgment granting appellee all of appellant's interest in the real estate and appointing a commissioner for the conveyance of the same to her, be set aside, and that the appellant be declared to be a tenant in common with appellee in such real estate, and that such interest be partitioned and sold.

Issues were ꞏ on appellee's answer to appellant's two paragraphs of complaint which denied the allegations thereof and the reply thereto.

Appellant presented his case in chief consisting of his testimony and that of his father, and at the close of his case, the court sustained appellee's motion to render finding and judgment for appellee.

Errors assigned for reversal are that the trial court erred in overruling appellant's motion for a new trial. The grounds of such motion for a new trial are that the court erred in sustaining the motion of appellee to render finding and judgment in her favor at the close of appellant's case, and that the finding of the trial court is not sustained by sufficient evidence and is contrary to law.

The appellee has made certain objections to the appellant's brief. The first objection is that the brief does not indicate the page and lines of the transcript where the various matters contained in the record and

objected to are found. While Rule 2-17 (e) specifically requires references to pages and lines of the transcript in connection with a concise statement of the record, the Supreme Court in interpreting this rule has said: "The rule does not specify how frequently such references should occur. That is left to the discretion and good faith of the writer of the brief." A failure to make sufficient references which might be attributable to lapses or inexperience of the writer of the brief will be overlooked where there is manifest good faith, and the court is able to adequately and expeditiously consider and ascertain the matters presented. *Gross Income Tax Div.* v. *Conkey Co.* (1950), 228 Ind. 343, 88 N. E. 2d 563.

Also, it is not fatal to the determination of an appeal that the clerk's certificate does not appear in appellant's brief. *Paul ▇▇ Walkerton, etc., Cemetery Ass'n.* (1933), 204 Ind. 693, 184 N. E. 537.

A careful consideration of appellant's brief in connection with all of appellee's objections convinces us that the brief discloses a good faith effort on the part of appellant's counsel to prepare the brief in conformity with the rules and requirements of this court, so that the court is able to understand the questions presented in this appeal.

The divorce complaint in the original action, which was the basis of the judgment that the appellant asks to be set aside, contained the usual allegations of residence, date of marriage and separation, cause of separation, and grounds for divorce, and that no children were born to said parties.

In appellee's prayer for relief in the divorce complaint, she specifically asked for a divorce, for counsel fees and costs, and all other just and proper relief.

Upon the default of appellant in the divorce action, the court granted the appellee a divorce, and such judgment and decree contained the following statement: "The court further finds that in the adjustment of property rights that plaintiff and defendant have a contract in their joint names with the First National Bank of Marion, Indiana, and to entitle them to a deed when payments are made; that in lieu of a judgment for alimony, the plaintiff is entitled to the interest of the defendant in said real estate and is entitled to the appointment of a commissioner to convey the interest of defendant in said real estate to her." The court in such decree appointed a commissioner to convey the interest of the defendant in the real estate to the plaintiff.

The appellant contends that that portion of the decree and judgment divesting him of his interest in such real estate contract was beyond the issues made by the pleadings and therefore a nullity.

The evidence on behalf of the appellant was that he and the appellee had an oral discussion concerning the real estate contract in question at the time of the preliminary hearing for suit money and support, pending the decree for divorce. That, at that time the appellee said she would keep up the payments to get to live in the property. She also said that the appellant being a man could get out and find himself a place to stay easier than she could. Plaintiff said, "If you keep the payments up, you can live there." The appellee then told appellant he would not have to sign his half over, "that we just leave it half and half." The appellant also testified he made the $300 down payment on the property, and that he had paid taxes on it since the divorce. Appellant's father testified in substance that he was present at the time of the foregoing discussion,

and that the appellee said she could keep up the place and payments to get to live there because it was cheaper than rent.

Upon a basis of the foregoing evidence, the appellant insists that the judgment was taken in the divorce action by default contrary to the agreement of the parties, and that appellant had relied on the statements made by appellee, and did not make any defense thereto, citing *Hoag, Adm., v. Old People's Mutual Benefit Society* (1890), 1 Ind. App. 28, 27 N. E. 438; *Dallin v. McIvor* (1894), 12 Ind. App. 150, 39 N. E. 765.

While there is a well established general rule that a judgment taken by default contrary to agreement should be set aside, by statute, §3-1218, Burns' 1946 Replacement (1951 Supp.), the court in a divorce action has the right to take any valid agreements between the parties which may have been introduced into evidence into consideration. However, such agreements are not binding upon the court. *Watson v. Watson* (1905), 37 Ind. App. 548, 77 N. E. 355.

At the preliminary hearing for suit money when the statements were made by appellee concerning the real estate contract, the appellant stated in answer to a question by the court that he was going to see about getting a lawyer later. He was bound to recognize the power of the court to modify or disregard any agreements that the parties might have made, but he did not appear nor make defense. Since such agreements between the parties in a divorce action are of a different nature and affected by a public interest, the same rule does not apply as to the setting aside of other default judgments contrary to an agreement.

A more difficult question is presented by the assignments of error questioning whether the court had the

power to award appellee the equitable interest owned by appellant in the real estate contract held by them as tenants by the entireties, without a specific allegation in the complaint concerning such property or a specific prayer for such relief, and upon the allegations of the divorce complaint which contained a general prayer for all other just and proper relief.

Originally, it was held that the court in a divorce proceeding could not set off an interest in a husband's real estate to a wife. *Rice* v. *Rice* (1854), 6 Ind. 100.

In the case of *Alexander* v. *Alexander* (1894), 140 Ind. 560, 40 N. E. 55, the court by obiter dictum announced that the court in a divorce action could not compel the divisions of real estate belonging to the parties. In *Mendenhall* v. *Mendenhall* (1946), 116 Ind. App. 545, 64 N. E. 2d 806, such obiter dictum of the Alexander case, being advisory only, was expressly overruled, and this court held that it was proper for a court in a divorce action upon a proper showing to order a conveyance of property held as tenants by the entireties to the injured party, of property or means which such injured party had settled on his spouse, citing *Keaton* v. *Keaton* (1928), 87 Ind. App. 39, 158 N. E. 251; *Swift* v. *Swift* (1923), 79 Ind. App. 199, 137 N. E. 568; *Blagetz* v. *Blagetz* (1941), 109 Ind. App. 662, 37 N. E. 2d 318; *Radabaugh* v. *Radabaugh* (1941), 109 Ind. App. 350, 35 N. E. 2d 114

In *Hunter* v. *Hunter* (1948), 118 Ind. App. 553, 82 N. E. 2d 272, which the appellant mainly relies on, this court held that a court granting a divorce has discretionary power to allow to the injured wife such part of the real estate she has settled upon the husband as is just and equitable under all of the circumstances providing such decree is *within the issues*. The appel-

lant insists there must be a specific allegation or prayer for relief as to such property.

Subsequent to the development of the foregoing case law on the subject the legislature of this state by Chapter 120 of the Acts of 1949, §3-1218, Burns' 1946 Replacement (1951 Supp.), granted broad powers to a divorce court to consider agreements of the parties, and in determining the character of payments of alimony may require it to be paid in money or property or both, and *may order the transfer* of property as between the parties whether real, personal, or mixed. The act further provides that "any property, real, personal, or mixed, owned as joint tenants or tenants by the entireties by the parties to the divorce action which shall not be expressly included in and covered by the decree of divorce, shall, upon the rendition of such decree, vest in such parties equally as tenants in common."

While the foregoing statute is primarily an alimony statute, the legislative intent is apparent to adopt the policy of recognizing the case law which grants broad powers to a divorce court to fully adjudicate the rights of the parties and order the transfer of real estate between the parties in proper cases.

Considering the case and statutory law as to adjustment of property rights, we must determine whether the decision of the lower court in allotting the husband's interest in the real estate contract held by the parties as tenants by the entireties was within the issues under a general prayer for relief in the divorce complaint.

It is well settled that a decree of divorce not only terminates the marital obligations, but, from the nature of the litigation, property rights growing out of the

marriage relation are necessarily included in such proceedings and there settled. *Watson* v. *Watson, supra.*

A decree of divorce is conclusive upon all questions pertaining to the property rights of the parties. *Nicholson* v. *Nicholson* (1887), 113 Ind. 131, 15 N. E. 223.

In *Rose* v. *Rose* (1883), 93 Ind. 179, the court held that the *institution* of a divorce suit, which was shown to be pending, when an action was commenced, by a husband to enforce a trust or lien for real estate investments and improvements, conferred upon the court in which the divorce was pending complete jurisdiction of all matters pertaining to the property in controversy.

Also, in *Muckenburg* v. *Holler* (1867), 29 Ind. 139, the court held that "all questions of property between the parties like that in controversy here, are thus in litigation in a suit for divorce, and must there be settled. The complaint here shows that the parties have been divorced. It shows, therefore, by legal inference that the subject matter of this suit was there settled and put at rest."

Also, in *McHie* v. *McHie* (1938), 106 Ind. App. 152, 16 N. E. 2d 987, the court stated: "The rule is well established by the authorities in this state that in a divorce proceeding, the trial court under our statutes has broad powers in adjusting the property rights of the parties, and that its action in such matters will not be disturbed on appeal, unless it is apparent that there has been an abuse of discretion."

It seems clear that in view of the statute, and the case law of this state, that questions as to the rights of the parties in property, as in the instant case, consisting of a real estate contract purchased by the parties as tenants by the entireties during the marital relationship, are necessarily included in such proceeding by a general prayer for relief, and the

court has the power to determine such questions, and this rule applies, regardless of any post nuptial agreement which the court may take into consideration, but is not bound thereby. *Watson* v. *Watson, supra.*

The trial court did not err in sustaining the motion of appellee to render finding and judgment in her favor at the close of appellant's case, and in overruling appellant's motion for a new trial.

Judgment affirmed.

NOTE.—Reported in 106 N. E. 2d 709.