No. 17,215.

## ALEXANDER *v.* ALEXANDER.

DIVORCE.—*Reversal of Judgment Granting Divorce.—Effect on Relation of Parties.*—By a reversal of a judgment of divorce, the relation of the parties is restored to its original condition, as if no action for divorce had ever been begun between them.

SAME.—*Power of Court Over Lands Held By Entireties.*—Where, in a divorce proceeding, the court appointed a commissioner to divide between the parties severally certain lands theretofore held by them by entireties, such action was altogether unwarranted. The only action, in relation to such property, the court might take, was the giving of a sum in gross as alimony to the wife out of the husband's estate.

SAME.—*Judgment of Divorce.—Effect on Land Held by the Parties by Entireties.—Remedy.*—Unless the parties themselves, by their own voluntary deeds, chose to convey to one another the lands held by them by entireties, as they might think best, with a view to the equitable division of their property, the court could not, by the aid of a commissioner or otherwise, make such division for them as an accompaniment of their divorce proceeding.

SAME.—*Reversal of Judgment.—Effect on Orders and Conveyances.*—When a judgment granting a divorce is reversed, not only the judgment for divorce, but also all the orders of the court made in pursuance of and in aid of carrying out that divorce, including all deeds of property of the parties, made by order of the court through commissioner of court or otherwise, are set aside and to be held for naught.

SUPREME COURT PRACTICE.—*Confession of Errors.—Request for Conditional Reversal.—Condition Precedent.*—Where appellee confesses the error of the court in sustaining a demurrer, and asks for the reversal of the case back to and including such error, before the Supreme Court could agree to consider such conditional reversal, it should first be made to appear that notice of such modified confession of error had been given to appellant, or that a waiver of such notice, and consent to such conditional reversal, had been given by appellant.

From the Monroe Circuit Court.

*J. R. East* and *A. M. Cunning,* for appellant.
*J. B. Black,* for appellee.

HOWARD, J.—This was an action brought by the appellee for possession of real estate, for damages for its detention, and for injunction to prevent appellant from thereafter interfering with appellee's said possession.

From the amended supplemental answer of appellant, to which a demurrer was sustained, it appears that the parties to this action are the same persons that were parties to a divorce, wherein a judgment for divorce was granted to the appellee and to the appellant, which judgment was reversed by this court. See *Alexander* v. *Alexander*, 140 Ind. 555.

From this answer, and from the record in said divorce case, it also appears that the real estate here in question is owned by the parties hereto by entireties as husband and wife, and was so owned by them previous to the bringing of either action.

By the reversal of the judgment of divorce, the relations of the parties are restored to their original condition, as if no action for divorce had ever been begun between them.

It appears that in the divorce case the trial court undertook, through the medium of a commissioner, to divide between the parties severally these and other lands theretofore held by them by entireties. Such action, it seems to us, was altogether unwarranted. Unless the parties themselves, by their own voluntary deeds, chose to convey to one another the lands held by them, in such manner as they might think best, with a view to the equitable division of their property, the court could not, by the aid of a commissioner, or otherwise, make such division for them as an accompaniment of their divorce proceedings. The only action in relation to property that might be taken by the court, was the giving of a sum in gross as alimony to the wife out of the husband's es-

tate. Section 1059 R. S. 1894 (section 1047, R. S. 1881); *Rice* v. *Rice*, 6 Ind. 100; *Green* v. *Green*, 7 Ind. 113.

By this ruling, no reference, of course, is had to the disposition of property rights of parties to divorce, as referred to in *Behrley* v. *Behrley*, 93 Ind. 255, and cases there cited.

This proceeding for securing to the husband certain lands held by him and his wife by entireties could not, in any event, be determined so long as the divorce itself remained undetermined. The demurrer to the amended supplemental answer should therefore have been overruled. This, the appellee now confesses, and asks for the reversal of the cause back to and including the error of the court in sustaining the demurrer. Before this court could agree to consider such conditional reversal, it should first appear that notice of such modified confession of error had been given to the appellant, or that a waiver of such notice, and consent to such conditional reversal had been given by the appellant.

But a simple examination of the record in this case, and of the record in the divorce case between the same parties, makes it apparent, first, that this case should not have been brought until after the final determination of the divorce case; and secondly, that the divorce case having been now determined by a reversal of the judgment for divorce, there no longer remains any ground on which this case may stand. Not only the judgment for divorce itself but also all the orders of the court made in pursuance of, and in aid of carrying out, that divorce, including all deeds of property of the parties, made by order of the court, through a commissioner of court or otherwise, are set aside and to be held for naught. The lands and other property of the parties are held by them by the same right and title as they were held prior to the bringing of the suit for divorce, save only such transfers, if any

there be, which the parties may have made themselves, either to one another or to third parties. As to the effect of such last conveyances, if any, we make no decision.

The judgment is reversed at the cost of the appellee.

JORDAN, J., took no part in the decision of this case.

