## WISE *v.* WISE.

[No. 9,638. Filed May 17, 1918.]

1. APPEAL.—*Scope of Review.—Record.—Sufficiency.*—Where the evidence is not in the record, an assignment of error that the court erred in overruling a motion for new trial, on the ground that the decree was not sustained by sufficient evidence, presents no question for review. p. 650.

2. DIVORCE.—*Decree.—Conformity with Pleadings.*—In an action for divorce, where the defendant by cross-complaint alleged that the complainant, representing that her father would deed certain land to them, persuaded the defendant to move on the land, and that he made improvements thereon by his labor and the investment of his separate earnings, that the plaintiff's father failed to deed the land to them, but deeded a life estate therein to the plaintiff with the remainder to their children, whereupon the plaintiff and defendant agreed that all the personal property should belong to the defendant, and the prayer asked for an adjudication of the defendant's property rights, a decree apportioning the personalty used by the parties in common was not without the issues. p. 650.

3. DIVORCE.—*Property Rights.—Adjudication.—Power of Courts.*— In a divorce proceeding, a court having jurisdiction of the parties and the subject-matter has power, if a divorce is decreed, to adjudicate all the property rights growing out of, or connected with, the marriage. p. 653.

4. DIVORCE.—*Adjudication of Property Rights.—Appeal.—Presumption.*—Where the question of personal property rights growing out of, and connected with, the marriage relation was tendered by cross-complaint, the appellate court will presume, in the absence of the evidence from the record, that the adjudication of the property rights, as specifically set forth in the decree, referred to property rights within the issues as tendered by the cross-complaint. p. 654.

From Dekalb Circuit Court; *Dan M. Link,* Judge.

Action by Ida A. Wise against Edgar S. Wise for divorce. From a decree for the defendant on his cross-complaint and against the plaintiff on her complaint, the defendant appeals. *Affirmed.*

*Edgar W. Atkinson,* for appellant.
*J. E. Pomeroy,* for appellee.

HOTTEL, J.—Appellant filed in the court below a complaint, in which she sought a divorce from appellee, alimony, and the custody of two minor children. The appellee filed an answer in general denial and also a cross-complaint which was likewise answered

by general denial. The court found against appellant upon her complaint that she was not entitled to a decree for divorce, and found for the appellee upon his cross-complaint that he was entitled to a divorce on the grounds therein alleged. The court also found that the appellee was "the owner in his own name and right" of certain personal property "used by said parties in common," which property is particularly set out, and that the appellant was the owner and entitled to the possession of all "other personal property used by said parties in common at the time of their separation" and not included in that designated as property owned by appellee, which property is also particularly identified and described in the finding.

Upon this finding the court adjudged that the appellee was entitled to a divorce from appellant, and that he was the absolute owner and entitled to possession of the following personal property: (Here the decree sets out and describes the personal property set out in the finding as belonging to appellee.) The court also adjudged that the appellant was the owner of the remaining personal property used by the parties in common, not included in that adjudged to be owned by appellee, consisting of, etc.: (Here appellant's property as set out in the finding is again set out and described.)

A motion for new trial filed by appellant was overruled, and this ruling is assigned as error and relied on for reversal. This motion contains but two grounds, viz.: (1) That the decision is not sustained by sufficient evidence; and (2) that the decision is contrary to law.

Appellant challenges only that part of the judg-

ment appealed from which attempts to adjudicate the property rights between her and her divorced husband. It is contended that such part of the judgment is not sustained by sufficient evidence and is contrary to law.

In support of this contention appellant asserts in effect that neither the complaint nor the cross-complaint tenders any issue as to the ownership of the property; that the only issues tendered are those of divorce, alimony, and the custody of the children; that in a divorce decree the court may "adjudicate all property rights between husband and wife so far as community property is concerned;" but that the court has no power or authority to extend such adjudication so as to in any way affect individual property of the wife; that the judgment in the instant case attempted to adjudicate individual property by dividing the personal property between appellant and appellee, and hence that the decision, in so far as it affects such property, is contrary to law.

1. The evidence is not in the record, and hence the first ground of the motion for new trial cannot be considered. Assuming, however, without so holding, that the question which appellant seeks to present is properly presented by the second ground of said motion, appellant is not supported in her contention that the judgment is outside of the issues.

2. The cross-complaint contains substantially the following averments, among others: Appellant and appellee had been contemplating moving to the State of Nebraska to live. Appellant represented to appellee that her father had promised her that, if they would move upon 120 acres of

land and improve it as their home, he would deed it
to them. They moved upon this farm, which, at that
time, was not productive. The buildings thereon were
small and cheaply constructed, the fencing poor and
out of repair, and the farm contained no tiling. Ap-
pellee and appellant, relying on the representations
of appellant's father, remained on said farm until the
day of their separation, except for a period of two
years. During the period they lived on said farm
appellee inherited from his parents $1,400, which he
invested in improvements upon the land, relying upon
the promises before indicated. He also cleared the
woodland and placed more than 100 acres in a good
state of cultivation, rebuilt the house and made it a
modern home, with all modern improvements, includ-
ing a furnace, toilet, bathroom and lighting system.
He built a new barn, 40x60 feet, with 20-foot posts,
the same being a banked barn, with modern conveni-
ences therein. He constructed more than four miles
of good tile drain, put an orchard, shade trees, new
silo, windmill and pump upon said premises, and built
an addition to the old barn, two sheds and additions
thereto, and fenced said farm complete with a new
rail fence, and has since constructed more than 400
rods of new wire fence, all at a cost and investment
of more than $15,000. During said period he farmed
other lands, from which he earned more than $5,000,
*which he invested in stock and personal property on
said premises*. That appellant's father failed to exe-
cute said deed to said land according to his promise,
died testate, leaving said premises to the appellant,
to have and to hold during her life, after which it
was to go to the children of appellant and appellee.
That by reason of the matters and things set out

the appellant consented that appellee should continue to live upon said premises with his family and farm the same as he had been doing, and promised him that he should have the right to buy and pay for forty acres of land from the proceeds of said farm. That *all the personal property produced and kept upon said premises should be appellee's,* and he was authorized to buy all the stock that he could carry and keep on said farm. That by such agreement appellant encouraged appellee to continue to improve her premises as aforesaid, and to invest all of his property and means on said premises and the improvements thereof, *except the stock and personal property which was on said premises at the time of the separation.* Averments then follow showing appellant's refusal to longer live with appellee, and that, to avoid any publicity and humiliation to themselves and their children, they entered into an agreement adjusting their property rights, which was written and prepared by appellant's attorney, and is set out and made a part of the cross-complaint. By this agreement it appears that appellant was to have the care and custody of the two minor children, without any allowance for support, and no alimony should be asked for by her, and, if granted by the court, should be fully satisfied without payment thereof by cross-complainant. That the appellant should pay her own attorney's fee. It was further agreed that *appellee should have all the personal property, except certain items particularly mentioned,* and that appllant would reimburse him for his patrimony of $1,400, which he had invested in said farm, by paying such amount to him in money. The agreement sets out other expenses for which it was agreed that appellee should be reimbursed, which

we deem it unnecessary to indicate. Appellee asked that he be granted a divorce, *and that his property rights be ascertained and adjudicated.*

Appellant cites in support of her contention, *supra, State, ex rel.* v. *Parrish* (1890), 1 Ind. App. 441, 27 N. E. 652, and *Fredericks* v. *Sault* (1897), 19 Ind. App. 604, 49 N. E. 909. The first case merely holds that separate property of the wife is not affected to her injury by a decree of divorce. (See also cases there cited.) The second case is to the effect that in a suit for divorce evidence of the wife's separate property is proper to be considered for the purpose only of aiding the court in determining what would be a fair allowance for alimony for the wife out of the husband's property, and that her separate property is not affected by said divorce. These cases are not of controlling influence on the question here attempted to be presented. Nothing appears from the judgment involved purporting to affect the individual property of appellant. On the contrary, the finding and judgment purports to deal with and adjudicate the rights of the parties in "personal property used by them in common at the time of their separation." As before stated, the evidence is not in the record, and every presumption as to what it may have shown must be indulged in favor of the decision of the trial court.

It is well settled in this state that in a divorce proceeding in which the court has acquired jurisdiction of the subject-matter and the parties, such 3. court has the power to, and, in case a divorce is decreed, in fact does, adjudicate between the divorced parties "all property rights  *   *   *  growing out of, or connected with, the marriage." *Walker*

v. *Walker* (1897), 150 Ind. 317, 322, 328, 50 N. E. 68, and cases there cited; *Murray* v. *Murray* (1899), 153 Ind. 14, 53 N. E. 946.

The averments of the cross-complaint set out *supra*, especially those italicized, clearly tendered an issue affecting personal property rights of said parties "growing out of and connected with said marriage." The adjudication of the rights of the parties in and to such property was therefore clearly within the issues tendered, and it was not only within the authority and power of the court to adjudicate and settle the rights of the parties in and to such property, but it was its duty to do so, and, in the absence of the evidence in this case, this court will presume that it was the rights of the parties in and to such property that are referred to and adjudicated in said judgment.

No error being shown by appellant, the judgment below is affirmed.

NOTE.—Reported in 119 N. E. 501.    See under (1) 4 C. J. 550, 784; (2) 14 Cyc 713;  (3) 14 Cyc 712.