## WAGNER v. TREESH.

[No. 10,005. Filed December 12, 1919.]

1. APPEAL.—*Demurrer.—Statutory Provisions.—Scope of Review on Appeal.*—The Appellate Court is not by §344 Burns 1914, Acts 1911 p. 415, limited to the specifications set out in the memoranda, when reviewing rulings sustaining demurrers to the complaint and to the answer to the cross-complaint. p. 554.

2. DIVORCE.—*Judgment.—Property Rights.—Res Judicata.*—A decree of divorce by a court having jurisdiction of the subject-matter and parties is an adjudication of all property rights or questions growing out of or connected with the marriage, and the parties are precluded thereby as to all matters which might have been legitimately proved in support of the charges or defenses in the action. p. 554.

3. DIVORCE.—*Alimony.—Property Rights.—Knowledge of Facts.—Res Judicata.*—A decree for divorce containing a judgment for alimony obtained by a wife, is a bar to an action begun by her on the day the decree was rendered to compel a deed to her by her former husband and to· quiet title in her to real estate bought during the coverture, the title to which was taken in the name· of both parties, on the theory that the purchase price was paid by her out of her own estate, when it must be assumed from the complaint, from the absence of allegations to the contrary, that she knew at the time the contract for the deed was made, of its provision for a conveyance to husband and wife, and that she knew prior to the decree of divorce that the deed had not been made to her alone. p. 554.

4. JUDGMENTS.—*Divorce.—Alimony.—Scope of Issues.—Presump-*

*tions.*—It is the duty of the court in the trial of divorce proceedings to make inquiry as to the amount of property owned by the parties and as to how the title was held, and to make the decree for alimony justified by the circumstances, and there is a presumption that the court performed those duties. p. 554.

5. DIVORCE.—*Alimony.*—*Property Rights.*—*Modification of Decree.* —Where a wife, on the day a decree for alimony sought by her is rendered, learns for the first time that the title to certain real estate was joint and not in her alone as she had supposed, it is her duty to so inform the court, and it is proper for her to make an application to have the title adjudicated in that action and to have a proper judgment for alimony made. p. 554.

From DeKalb Circuit Court; *Dan M. Link*, Judge.

Action by Phoebe Treesh Wagner against Lewis E. Treesh. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Edgar W. Atkinson* and *Sharpless & Beck,* for appellant.

*Mountz & Brinkerhoff,* for appellee.

McMAHAN, J.—The appellant and appellee were formerly husband and wife. A divorce was granted to appellant December 14, 1915, and she on the same day commenced this action against the appellee. An amended complaint was afterwards filed alleging said marriage and divorce, and charging in substance that on April 12, 1907, while she and appellee were husband and wife, she contracted for the purchase of certain real estate for the sum of $1,300; that at that time she paid out of her individual money $100 on the purchase price; that a contract for the purchase of said real estate was made to appellant and appellee jointly; that she paid the balance of the purchase price out of her own estate, the final payment being made in May, 1910 at which time a deed was executed in which appellant and appellee were named as

grantees; that she had no knowledge that it was so executed, but supposed that it was executed to herself only; that she did not intend to relinquish her right to said property, but intended to hold it as her own in her own name and believed, when the deed was so made, that she was holding the property to her sole use and benefit, and so continued to believe that she was the sole owner thereof until immediately prior to the beginning of this action; that appellee caused the title to said real estate to be so taken without her knowledge and consent, and that he claims an undivided one-half interest therein adverse to her. The prayer is that the conveyance of said real estate to appellant and appellee be declared a trust in favor of appellant; that appellee be required to execute a deed conveying said property to appellant, and that the title be quieted in her.

Appellee filed a cross-complaint for partition, to which appellant filed an answer in which she set out the same facts as stated in the amended complaint. Appellee then filed a demurrer for want of facts to the amended complaint, and also to the answer to his cross-complaint, which were sustained. Appellant refused to plead further, and judgment was rendered against her. The errors assigned are that the court erred in sustaining each of said demurrers. A memorandum filed with each demurrer challenged the sufficiency of the pleading, for the reason that the decree of divorce fully and finally adjudicated the property rights of the parties.

Appellant contends that under §344 Burns 1914, Acts 1911 p. 415, this court, in reviewing the action

of the trial court, is limited to the specifica-
1.    tions set out in the memorandum. The Su-
preme Court, however, has ruled otherwise.
*Bruns* v. *Cope* (1914), 182 Ind. 289, 105 N. E. 471.

A decree of divorce by a court having jurisdiction
of the subject-matter and the parties is an adjudica-
tion of all property rights or questions grow-
2.    ing out of, or connected with, the marriage.

As a general rule, all such questions, unless
excepted therefrom, are put at rest by the judgment,
and the parties thereto are precluded thereby, until
it is set aside in a proper proceeding. Such a decree
precludes the parties as to all matters which might
have been legitimately proved in support of the
charges or the defenses in the action. *Walker* v.
*Walker* (1898), 150 Ind. 317, 50 N. E. 68. See, also,
*Wise* v. *Wise* (1918), 67 Ind. App. 647, 119 N. E. 501.

The complaint and answer now under consideration
are singularly silent as to when the appellant learned
that the contract for the purchase of the real
3-5.   estate provided that the conveyance should be
made to herself and to the appellee, and also
when she learned that she and the appellee were
named as grantees in the deed. We are justified in
assuming, and we shall assume, that she knew at the
time the contract was executed that it provided that
the conveyance when made should be made to herself
and appellee jointly. In the absence of an allegation
to the contrary, we conclude that she knew prior to
the decree of divorce that the deed had been so made,
notwithstanding the allegation that "she did not in-
tend to relinquish her right to said property, but
intended to hold it as her own, in her own name, and
believed that when the deed was so made she was

holding the property to her sole use and benefit and continued to believe that she was the sole owner thereof, until immediately prior to the beginning of this action.'' The statement, ''and believed when the deed was so made'' is for all practical purposes an acknowledgment that she knew when the deed was made that she and appellee, her then husband, were named as grantees, although she may not have known the legal effect of the same.

There is no allegation that she did not intend that the deed should be made to herself and husband as provided in the contract of purchase. The allegation in the pleadings that she ''continued to believe that she was the sole owner thereof until immediately prior to the beginning of this action'' is not equivalent to saying that she did not know that the deed had been made to herself and husband. As we construe the allegations of the complaint and of the answer to the cross-complaint, she meant to convey the idea that, when the contract for the purchase of the real estate was made, she knew that it provided that the deed, when made, should be made just as it in fact was made and that, when the payments were all made, her husband, with her implied knowledge and consent, but without her express knowledge and consent, caused the deed to be made out in accordance with the terms of the contract.

With this knowledge she prosecuted her action for divorce and procured a decree of divorce and judgment for alimony, and, probably not being satisfied with the judgment for alimony, saw an opportunity in this action to secure the whole of the real estate in controversy. It will be remembered that the complaint in this action was filed the same day the decree for divorce was entered.

It was the duty of the court in the trial of the divorce proceedings to make inquiry as to the amount of property owned by the parties and as to how the title was held, and to make such a decree for alimony as the circumstances justified. The presumption is that the court did its duty in that behalf, and that the court before granting the divorce heard the evidence and was fully advised concerning the title to the real estate now in controversy, and that the decree for alimony was made in accordance with the facts. This action was commenced the same day that the decree of divorce was granted, and at a time when the court had jurisdiction to afford appellant all necessary relief, and to have made such changes or modifications in the decree for divorce as were proper. If the appellant knew that the deed to the real estate in controversy was made out in the name of herself and the appellee as grantees, it was her duty to have so informed the court. If she did not learn of that fact until after the divorce was granted, she had the right, and it was proper to bring such fact to the attention of the court, and by proper application to have had the title to the real estate adjudicated in that action, and in order that a proper judgment for alimony might be made.

It is not necessary for us to determine whether the appellant might or might not have maintained an action if it were charged that she did not learn of the condition of the title until after the decree of divorce had been granted and the court had lost jurisdiction, or if, through fraud, her husband had induced her to convey the real estate to him, and where the court did not hear evidence as to such title or consider

the same in allowing alimony, or where the title to the real estate was excepted from the decree.

There was no error in the action. of the court in sustaining the demurrers to the complaint and answer to cross-complaint.   Judgment affirmed.