## DAVIS *v.* DAVIS, DIRECTOR GENERAL OF RAILROADS.

[No. 24,377.    Filed March 16, 1926.]

1.  APPEAL.—*Ruling sustaining demurrer to insufficient complaint will be affirmed regardless of objections to pleading made in memorandum with demurrer.*—A ruling of the court *sustaining* a demurrer to an insufficient complaint will be affirmed regardless of the objections to the sufficiency of the pleading in the memorandum accompanying the demurrer. p. 387.

2.  CONTRACTS.—*A contract, to be enforceable, must bind both parties thereto.*—A contract, to be enforceable, must bind both parties thereto.    p. 391.

3.  MASTER AND SERVANT.—*Action against an employer for breach of contract of employment by failure to furnish employment or to pay wages when employee not permitted to work lies only when latter has bound himself by contract to work for a fixed period.*—The refusal of an employer to furnish employment or to pay wages when an employee is not permitted to work gives the latter a right of action for breach of the contract of employment only when the employee has bound himself by a reciprocal agreement to continue in the service of the employer for a fixed period of time.    p. 391.

4.  MASTER AND SERVANT.—*Agreement by employer to pay employee for time lost by suspension for misconduct if, upon investigation, he is found blameless, held too indefinite for enforcement where the compensation therefor is not fixed.*—An

executory agreement by an employer to pay an employee for time lost by reason of his suspension for misconduct if, upon investigation, he is found blameless, but which does not fix the rate of compensation, is too indefinite for enforcement, and is lacking in mutuality where employee has not contracted to continue in the employment for a specific period. p. 391.

5. MASTER AND SERVANT.—*Complaint of railroad employee held insufficient to state cause of action for time lost while under suspension for violation of the rules.*—A complaint against the Director General of Railroads by an employee thereof to recover for time lost while he was suspended for violation of the rules, but was afterward reinstated as blameless, was *held* insufficient which simply alleged the number of days lost, the fact of suspension and reinstatement, and set out a section of the rules and regulations of the railroad company providing that employees reinstated after suspension, on being found blameless, would be paid for time lost, without specifying the amount to be paid. p. 391.

From Gibson Circuit Court; *Robert C. Baltzell,* Judge.

Action by Leslie Davis against James C. Davis, Director General of Railroads. From a judgment for the defendant on demurrer to the complaint, the plaintiff appeals. [Transferred to the Supreme Court under §1351 Burns 1926, §1399 Burns 1914.] *Affirmed.*

*T. Morton McDonald,* for appellant.

*John D. Welman, Lucius C. Embree, Morton C. Embree, Alex P. Humphrey* and *Edward P. Humphrey,* for appellee.

EWBANK, C. J.—Sustaining a demurrer to appellant's complaint is the only error assigned. The demurrer was for the alleged reason "that said complaint

1. does not state facts sufficient to constitute a cause of action." And if this court shall find that it does not state facts sufficient, and that the decision of the circuit court to that effect was correct, such decision must be approved, without regard to the sufficiency or insufficiency of the memorandum which was filed with

the demurrer. *Bruns* v. *Cope* (1914), 182 Ind. 289, 296, 105 N. E. 471; *Wagner* v. *Treesh* (1919), 71 Ind. App. 551, 554, 125 N. E. 242.

The complaint alleged that plaintiff had been damaged in the sum of $2,500, and prayed for a judgment against defendant in that amount, and after stating the facts and conclusions hereinafter set out alleged that "by reason of said action plaintiff lost 296 days' time at the rate of $5.33, of the value of $1,577.68," and that he had demanded, in writing, that the defendant "pay to him the amount due him," but that his demand was refused. It averred that he was "employed by the Director General of Railroads as a yard conductor" in certain railway yards "on and prior to the 22nd day of January, 1919," and on said date "was suspended from said service by said Director General of Railroads," and on November 17, 1919, was "found blameless and reinstated in his employment." But it did not allege that plaintiff had done any work for which he was not paid in full, or that he ever worked in such employment on any day or days, whatever. It did not allege that plaintiff had entered into a contract with defendant to work for him for a period of time which embraced the 296 days referred to, or for any definite period of time of any agreed length, or that plaintiff ever agreed to work for the defendant or the defendant ever agreed to employ him for any fixed or definite period of time or term of service that embraced any part of the 296 days for which compensation was asked, or that defendant ever agreed to pay him, or he ever agreed to accept, compensation at any rate of wages per hour, per day, per month, or on any stipulated basis at all, either for the time when he worked, or the time when he was "suspended." And there was no attempt to count upon an implied liability by alleging the value of his time, or that defendant had prevented him from tak-

ing other employment while he was "suspended," or that he was unable to find other employment during that time, or stating the amount in which his earnings in such other employment fell below an amount (if anything) which defendant had agreed to pay him. And it was not alleged on what date plaintiff entered the employment of defendant, nor whether he had been working at his job before the director general took over the operation of the railroads, or had begun work the day before the day on which he was "suspended." But the complaint merely alleged that, on and prior to January 22, 1919, plaintiff was employed by defendant as a yard conductor in the yards of the Southern Railway System, "under an oral contract of employment; that the terms of said employment was governed by a certain schedule of wages and rules and regulations" entered into in October, 1917, between an officer of the Southern Railway System on its behalf, and an officer of a labor organization of which plaintiff was a member, on behalf of that organization: "that one of the provisions of said schedule was in words and figures following, to wit:

## " 'DISCIPLINE

" '15. Conductors, flagmen, baggage men, brakemen, and porters will not be discharged or demerited without an investigation which will be made by a proper officer, within five days, if possible, and in their presence. They will have the privilege of bringing to the investigation to assist them, a conductor, flagman, baggage man, brakeman; or porter as the case may be of their own selection, provided such person is employed and in good standing on the division. If found blameless, they will be paid for the time lost. If discharged, they will be furnished with a letter showing cause of dismissal, term of service, and the capacity in which

employed. If demerited, they will be furnished with a written notice of the same.'

"Plaintiff says further that on, to wit: the 22nd day of January, 1919, and at a time when said schedule was in full force and effect, this plaintiff was suspended from said service by said Director General of Railroads without an investigation and held out of service by him until, to wit, the 17th day of November, 1919, at which time he was found blameless and reinstated in his said employment; that by reason of said action plaintiff lost 296 days' time at the rate of $5.33 of the value of $1,577.68; that prior to the commencement of this action, on, to wit: the 22nd day of November, 1919, this plaintiff demanded of said Director General of Railroads in writing that he pay to him the amount due him as aforesaid, and payment thereof was then and there refused by said Director General of Railroads, by reason of which plaintiff is entitled to recover interest thereon from and after said 22nd day of November, 1919. That by reason of the foregoing, plaintiff has been damaged in the sum of $2,500; that he has done and performed all and singular all the things by him required to be performed under the terms of said 'schedule of wages and rules and regulations,' and by the terms of his said contract of employment." The complaint further alleged that after the Southern Railway System and the said labor organization had agreed on said schedule, "the control of said railroad was assumed by the United States Administration by and through the Director General of Railroads pursuant to the railroad control act and the proclamation of the President of the United States of December 26, 1917; that thereupon said Director General of Railroads assumed the obligations of said Southern Railway System under said printed 'schedule of wages and rules and regulations' and said contract of employment as aforesaid." Noth-

ing further was alleged as to the terms and conditions of the "oral contract of employment," whether fixed by the "schedule of wages and rules and regulations," or by express stipulation, or otherwise.

It will be noted that no part of the "schedule of wages and rules and regulations" is set out except only the fifteenth section, and that this section says nothing whatever about the term of service or rate of compensation, or any other terms or conditions which would govern a contract of employment and determine the period for which an employee might demand that the payment of his wages should continue, nor does it assume to fix the rate per day at which he should be entitled to payment.

To be enforcible, a contract must bind both parties. And it is only when an employee has bound himself by a reciprocal undertaking, such as a contract to continue in the service of his employer for some fixed period of time, and to work during that period for a stipulated rate of compensation, that the refusal of his employer to furnish him employment for such time or any portion of it, or to pay him wages for days when he is not permitted to work, will give him a right of action for breach of the contract. *Hudson* v. *Cincinnati, etc., R. Co.* (1913), 152 Ky. 711, 154 S. W. 47, 45 L. R. A. (N. S.) 184, Ann. Cas. 1915B 98; *Reynolds* v. *Louisville, etc., R. Co.* (1895), 143 Ind. 579, 583, 584, 40 N. E. 410; *Fowler Utilities Co.* v. *Gray* (1907), 168 Ind. 1, 3, 79 N. E. 897, 7 L. R. A. (N. S.) 726, 120 Am. St. 344.

It is not alleged nor is it claimed that plaintiff did any work or performed any service for defendant on any of the 296 days in question. But he sues to recover upon an alleged executory promise to pay him for the time lost by reason of his suspension, if, upon investigation, he should be found blameless.

But it is not made to appear that his alleged contract of employment fixed the rate per day at which he should receive payment, or bound him to work for defendant for any agreed length of time, or at any agreed rate of compensation, or to continue in the employer's service at all after an investigation of the charges against him should have resulted in finding him blameless. And an executory agreement by defendant to pay him at a rate not specified for time when he did no work, without any corresponding agreement binding him to work for defendant even for a single day at an agreed rate of compensation when he was not under suspension, is too indefinite for enforcement, and is so lacking in mutuality that it will not support an action.

The complaint being insufficient for the reasons indicated, no error was committed in sustaining the demurrer thereto. That being true, we do not find it necessary to consider and do not decide whether or not the averment that plaintiff was employed "under an oral contract * * * (which) was governed by a certain schedule of wages and rules and regulations" was equivalent to an allegation that the parties agreed that the provisions of the section 15 of the "schedule" (but no other part of it) should constitute some of the terms of their contract; or whether, as appellee insists, the complaint was insufficient, even on appellant's own theory, in failing to state facts showing that section 15 of the "schedule" constituted part of the contract of employment.

The judgment is affirmed.

Myers, J., concurs in conclusion on ground that the complaint fails to allege facts showing mutuality of contract or facts showing a basis on which to determine the amount due, if anything.