KUHN ET AL *v.* KUHN

[No. 17,597. Filed June 6, 1947.]

*Seth E. Rowdabaugh,* of Warsaw, for appellants.

*F. W. Plummer,* of Wabash, and *Charles C. Campbell,* of Rochester, for appellee.

FLANAGAN, J.—Appellee brought this action to replevin certain personal property from appellants. The trial court made a special finding of facts, entered its conclusions of law thereon and rendered judgment for appellee. Appellants duly excepted to the conclusions of law and filed a motion for a new trial which was overruled.

The legal question presented is whether title to the property involved was adjudicated in a prior divorce action between appellant Richard D. Kuhn and appellee. In that action appellee sued appellant Richard D. Kuhn for divorce and asked for alimony. The pleadings contained no averments as to the ownership of any particular item of property. The court heard evidence, however, as to the ownership and value of the personal property involved in this replevin action. In the decree rendered no alimony was awarded and nothing was said as to the ownership of property. Appellant Richard D. Kuhn says that since he was in possession of the property involved, and the court failed to adjudge ownership in appellee, the effect was an adjudication of ownership in him. Appellee contends that the ownership of property was not involved in the divorce action.

A decree of divorce by a court having jurisdiction of the subject matter and the parties is deemed and held to be an adjudication between the divorced parties of all property rights or questions growing out of or connected with the marriage. *Muckenburg* v. *Holler* (1867), 29 Ind. 139; *Behrley* v. *Behrley* (1884), 93 Ind. 255; *Walker* v. *Walker* (1898), 150 Ind. 317, 50 N. E. 68; *Watson* v. *Watson* (1906), 37 Ind. App. 548, 77 N. E. 355; *Wise* v. *Wise* (1918), 67 Ind. App. 647, 119 N. E. 501; *Radabaugh* v. *Radabaugh* (1941), 109 Ind. App. 350, 35 N. E. 114. However, the wife's separate property is not affected by the divorce

decree unless the question of ownership of some particular item or items of property has been put in issue and the court has entered judgment in regard thereto as a part of the divorce decree. *The State ex. rel. Haines* v. *Parrish* (1890), 1 Ind. App. 441, 27 N. E. 652; *Fredericks* v. *Sault* (1898), 19 Ind. App. 604, 49 N. E. 909.

Appellants contend that the property involved was bought during the marriage and used in the household and, therefore, the question of its ownership was one involving property rights growing out of or connected with the marriage. With this contention we cannot agree. If the property was in fact the separate property of the wife, it would be immaterial when it was bought, and the mere fact that she permitted the family to use it for family purposes should not and could not affect her title.

Appellants next contend that the parties submitted to the trial court the question as to the ownership of the property and that there was necessarily an adjudication of the question. We do not find, however, that there was such submission. The ownership of the involved property is not referred to in the pleadings or the decree. The fact that evidence of its ownership was introduced did not amount to such submission. Such evidence was properly received on the question of alimony. *Muckenburg* v. *Holler, supra; Fredericks* v. *Sault, supra.*

We have examined the evidence carefully and find that it is ample to support the finding of the trial court that appellee was the owner of the involved property.

Judgment affirmed.

NOTE.—Reported in 73 N. E. (2d) 359.