BAKER *v.* BAKER

[No. 18,307. Filed October 10, 1952. Rehearing denied December 4, 1952.]

*Theodore Lockyear* (deceased) and *Russell S. Armstrong* (successor), of Evansville, for appellant.

*Robert J. Hayes* and *Carrol F. Dillon*, of Evansville, for appellee.

ROYSE, P. J.—Appellee commenced this action by filing her complaint for divorce against appellant. He filed a cross-complaint. At the conclusion of the trial appellant was granted a divorce from appellee. Appellee was awarded custody of the minor children and alimony in the form of certain improved real estate in Vanderburgh County.

The error assigned here is the overruling of appellant's motion for a new trial which contained six specifications. Appellant has grouped these together because they all relate to the same alleged error.

The only contention here is, the trial court erred in awarding appellee the above referred-to property, which had been owned by the parties as tenants by the entireties, when the court denied her a divorce and granted the divorce to him. In support of this contention appellant relies on the following authorities: *Blagetz* v. *Blagetz* (1941), 109 Ind. App. 662, 37 N. E. 2d 318; *Radabaugh* v. *Radabaugh* (1941), 109 Ind. App. 350, 35 N. E. 2d 114; *Mendenhall* v. *Mendenhall* (1946), 116 Ind. App. 545, 64 N. E. 2d 806 (Transfer denied). We do not believe these cases sustain the contention of appellant.

In the *Blagetz* and *Radabaugh* cases, *supra*, the wife obtained the divorce. In the *Mendenhall* case, *supra*,

as in this case, the husband was granted a divorce on his cross-complaint. In each of those cases we followed the well established rule of this state:

"Where a wife has proved recreant to her marriage obligations and has destroyed the marital union by her misconduct, the court granting a divorce to the injured husband *may* allot to him such portion of the property previously settled upon the wife by the husband as will place him, as near as may be, in the same position as he would have occupied had the marriage continued." (Our emphasis.)

Our statute (§3-1218, Burns' 1946 Replacement, Supp.) provides:

". . . In determining the character of the payments of the alimony the court may require it to be paid in money, other property, or both, and may order the transfer of property as between the parties, whether real, personal or mixed and whether title at the time of trial is held by the parties jointly or by one of them individually. . . ."

In the case of *Cornwell* v. *Cornwell* (1940), 108 Ind. App. 350, 29 N. E. 2d 317, this court said:

"The courts of this state have long recognized that the amount of alimony to be awarded in divorce proceedings is within the sound discretion of the trial court, and the appellate tribunal will not reverse the decision unless an abuse of such discretion has been shown. There are no well-established rules for measuring the amount of alimony to be awarded, such amounts always depending upon the facts and circumstances in each particular case."

See also: *Ralston* v. *Ralston* (1942), 111 Ind. App. 570, 41 N. E. 2d 817; *Adams* v. *Adams* (1946), 117 Ind. App. 335, 69 N. E. 2d 632 (Transfer denied).

It has long been the rule in this state that the fact the trial court has decreed a divorce in favor of the husband, does not prevent the court from granting alimony to the wife. *Hedrick* v. *Hedrick* (1867), 28 Ind. 291; *Coon* v. *Coon* (1866), 26 Ind. 189; *Cox* v. *Cox* (1865), 25 Ind. 303.

We have carefully examined the evidence in this case as set out in the briefs of the parties. We do not believe it necessary to set out that evidence herein. In our opinion there was ample evidence to sustain the award of alimony made by the trial court. Certainly on the record before us we cannot say the trial court abused the broad discretion it has in such matters.

Judgment affirmed.

NOTE.—Reported in 108 N. E. 2d 70.