## WALLACE *v.* WALLACE

[No. 18,354. Filed February 20, 1953. Rehearing denied
March 23, 1953. Transfer denied May 5, 1953.]

*Walter Nowicki, Edward J. Raskosky* and *George Kohl,* all of Hammond, for appellant.

*Wagner & Malo,* of Hammond, for appellee.

ROYSE, C. J.—Appellee brought this action for divorce against appellant on the grounds of cruel and inhuman

treatment. In his complaint he asked that the respective property rights of the parties be settled. Appellant filed her answer of admission and denial under the rules. She also filed her cross-complaint for divorce on the grounds of cruel and inhuman treatment and asking for $10,000 alimony.

The trial court, at the conclusion of all the evidence, found for the appellee on his complaint and against appellant on her cross-complaint. As to the property rights of the parties the court made the following findings:

> "The Court further finds in settlement of the respective property rights of the petitioner and defendant that the petitioner is entitled to the real estate commonly known as 821 Merrill Street, Hammond, Indiana, now owned by the petitioner and defendant as tenants by the entireties and more fully described as follows: (Here described); the Court further finds that the petitioner is entitled to all household furniture and effects of the parties now located at 821 Merrill Street, Hammond, Indiana; the Court further finds that petitioner is entitled to the automobile described as a 1950 Tudor Ford Sedan.

> "The Court now finds that the defendant is entitled to One Thousand ($1,000.00) Dollars as and for alimony *and in settlement of all property rights.*" (Our emphasis).

Judgment in accord with the findings. The error assigned here is the overruling of appellant's motion for a new trial. The specifications of that motion are that the decision is not sustained by sufficient evidence and is contrary to law.

In her brief appellant states:

> "The only part of the Court's finding and judgment which appellant is challenging in this Court is that part which relates to the finding and order

that the appellant convey her interest in the entireties property to the appellee.

"The appellant concedes that the One Thousand ($1,000.00) Dollars alimony judgment is a fair and equitable adjustment of the personal property owned by the appellee and appellant, whereby appellant was awarded One Thousand ($1,000.00) Dollars alimony, and the appellee was awarded all of the personal property in the way of furniture, household effects and appliances, and 1950 Tudor Ford Sedan automobile as his sole and separate property."

In support of her contention appellant in her brief says:

"Although there was evidence of cruel and inhuman treatment and adultery on the part of appellant, there is a total lack of evidence of any fraudulent or inequitable conduct by appellant."

Therefore, she asserts that in the absence of an allegation of fraud and evidence thereof the trial court was without authority to order appellant to convey her interests in the entirety property. She asserts the effect of this portion of the court's judgment is to give the husband alimony, and in the absence of statutory authority alimony may not be allowed the husband. For the reasons hereinafter stated we cannot agree with these contentions.

The parties agree that an estate by entireties becomes an estate in common upon a decree of divorce if no order is otherwise made adjudicating such property rights.

Appellee contends that the court has the power to deal with all the property of the parties; that the court can take into consideration separate property of either spouse in considering whether or not alimony should be awarded and if so the amount of the alimony; and where property is owned by the husband and wife to-

gether the court can adjudicate the ownership of that property.

In considering the question before us, it is well to keep in mind the unique features of title by the entireties. In the case of· *Sharpe et al.* v. *Baker et al.* (1912), 51 Ind. App. 547, 553, 96 N. E. 627 (transfer denied), this court, in a well-reasoned opinion, after a thorough review of the cases on the subject, said:

> "By reason of the common law fiction heretofore mentioned, the husband and wife, being one person in law, were each incapable of holding any separate interest in an estate so acquired. They could not take by moieties, they were each s*ie*zed of the whole, and neither was seized of any divisible part, and so, as a consequence of the unity of their persons, they were said to hold such estate *per my et non per tout.* 2 Blackstone's Comm. *182. The right of the survivor to take the whole estate is common, both to estates in joint tenancy and estates by entireties; but the right by which the survivor holds in each is not the same. If a joint tenant dies during the existence of the joint tenancy, his moiety goes to the survivor by the *jus accrescendi,* or right of survivorship; but when a tenant by entirety dies, the survivor holds the entire estate, not by virtue of any right which he acquires as survivor, but by virtue of the original grant or devise. On the vesting of an estate by entireties, both tenants, by reason of the unity of their person by marriage, become seized of the whole estate, and neither is seized of any divisible part thereof; and therefore on the death of one, the survivor, being already seized of the whole, can acquire no new or additional interest by virtue of his survivorship."

In other words, entirety property is held by the entity created by marriage. It is not the separate property of either.

It is well established in this state that a court having jurisdiction has the right and duty to settle and deter-

mine the property rights of the parties. As a general rule all such questions, unless accepted therefrom, are settled by the decree and the parties are precluded thereby unless it is set aside in a proper proceeding. *Walker et al.* v. *Walker et al.* (1898), 150 Ind. 317, 325, 50 N. E. 68; *Murray* v. *Murray* (1899), 153 Ind. 14, 53 N. E. 946; *Wagner* v. *Treesh* (1919), 71 Ind. App. 551, 554, 125 N. E. 242; *Radabaugh* v. *Radabaugh* (1941), 109 Ind. App. 350, 35 N. E. 2d 114; *Kuhn* v. *Kuhn* (1947), 117 Ind. App. 463, 73 N. E. 2d 359; *Davis* v. *Davis* (1951), 229 Ind. 414, 99 N. E. 2d 77.

In the case of *McHie* v. *McHie* (1939), 106 Ind. App. 152, 177, 16 N. E. 2d 987, 998 (transfer denied), this court said:

> "The rule is well established by the authorities in this state that in a divorce proceeding, the trial court under our statutes has broad powers in adjusting the property rights of the parties, and that its action in such matters will not be disturbed on appeal, unless it is apparent that there has been an abuse of discretion."

Appellee also contends authority for the decree of the trial court in reference to the property involved in this action is found in §3-1218, Burns 1946 Replacement (1951 Supp.), which provides as follows:

> "The court shall fix the amount of alimony and shall enter a judgment for such sum, and specify the character and method of payment, which in his discretion he deems to be just and proper under all of the evidence, including any valid separation agreement which may have been introduced into evidence. In determining the character of the payments of the alimony the court may require it to be paid in money, other property, or both, and *may order the transfer of property as between the par-*

*ties, whether real, personal or mixed and whether title at the time of trial is held by the parties jointly or by one of them individually.* In determining the method of the payment of the alimony the court may require that it be paid in gross or in periodic payments, either equal or unequal, and if to be paid in periodic payments the court may further provide for their discontinuance or reduction upon the death or remarriage of the wife, and, in his discretion, the court may further provide for such security, bond, or other guarantee as shall be satisfactory to the court for the purpose of securing the obligation to make such periodic payments. Said judgment shall be a lien upon the real estate and chattels real of the spouse liable therefor to the extent that it is payable immediately but shall not be such a lien to the extent that it is payable in the future unless and to the extent such decree so provides expressly. Such amount as shall be awarded, regardless of the character or method of its payment shall be in complete discharge of all the husband's obligation to the wife, but not to his minor children, arising out of the marital or family relationship. In his discretion the court may make such judgment without relief from valuation or appraisement laws. Such judgments as contemplated by this section shall not be assignable and any purported assignment of such a judgment or any portion thereof shall be wholly invalid and unenforceable. Any property, real, personal or mixed, owned as joint tenants or as tenants by the entireties by the parties to the divorce action which shall not be *expressly included in and covered by the decree of divorce* shall, upon the rendition of such decree, vest in such parties equally as tenants in common." (Our emphasis).

In the case of *Gray* v. *Miller* (1952), 122 Ind. App. 531, 538, 106 N. E. 2d 709, this court, after a thorough review of the decisions of the Supreme and this Court on this subject, in referring to the above statute, said:

"Subsequent to the development of the foregoing case law on the subject the legislature of this state by Chapter 120 of the Acts of 1949, §3-1218, Burns'

1946 Replacement (1951 Supp.) granted broad. powers to a divorce court to consider agreements of the parties and in determining the character of payments of alimony may require it to be paid in money or property or both, and *may order the transfer* of property as between the parties whether real, personal or mixed. The act further provides that 'any property, real, personal, or mixed, owned as joint tenants or tenants by the entireties by the parties to the divorce action which shall not be expressly included in and covered by the decree of divorce, shall, upon the rendition of such decree, vest in such parties equally as tenants in common.'

"While the foregoing statute is primarily an alimony statute, the legislative intent is apparent to adopt the policy of recognizing the case law which grants broad powers to a divorce court to fully adjudicate the rights of the parties and order the transfer of real estate between the parties in proper cases."

We again affirm our construction of this statute. See also *Baker* v. *Baker* (1952), 123 Ind. App. 152, 108 N. E. 2d 70.

In this case both the complaint and cross-complaint, in referring to the property of the parties, averred the ownership of the entirety property. The evidence in the record discloses that when the parties hereto were married appellee had $1,800.00 in the bank which he saved while in the armed service of the United States. Appellant had nothing. It is undisputed that appellee contracted syphilis from appellant a short time after their marriage. As a result he was threatened with blindness and was hospitalized for some time. He had to permanently give up his work as a machinist. Before going to the hospital they bought the property involved herein for $4,800.00. They obtained a G I mortgage for the full amount. The only down payment was the first monthly payment on the mortgage. Their furniture

has a net worth of three or four hundred dollars. Appellee owned a 1950 Ford on which he owed one payment. At the time of the divorce he had no money, having used all of his savings for the home and living expenses. Assuming the real estate to be worth its purchase price, they have an equity of about $1,800.00 in it. In the last year of their marriage appellant earned from her work about $2,000.00. With the exception of a suit of clothes and a camera that she gave appellee she used most of her earnings for her own purposes. She refused to pay any of the bills for materials used in repairs on the home.

In our opinion, under the circumstances herein the court made a very equitable division of the property of the parties. Under the terms of the decree appellant received nearly half the value of all the property owned by the parties. While it is well recognized that a court which grants a husband a divorce for misconduct of the wife *may* grant her alimony, it is not bound to do so. In this case the court granted the wife $1,000.00 as alimony in settlement of her property rights. In exercising its duty and authority to adjudicate the property rights of the parties it ordered the entirety property conveyed to appellee. This was not alimony. There is nothing in the record before us which would indicate an abuse of discretion by the trial court. Therefore, the judgment is affirmed.

NOTE.—Reported in 110 N. E. 2d 514.

ON PETITION FOR REHEARING

ROYSE, C. J.—In her petition for rehearing, appellant earnestly contends that our construction of the quotation we used from the case of *Sharpe et al.* v. *Baker et al.* (1912), 51 Ind. App. 547, 553, 96 N. E. 627,

629, on the subject of estates by entireties, was erroneous and in direct conflict with the holding in that case.

In our original opinion we stated our interpretation of the quotation referred to the following language. "In other words entirety property is held by the entity created by marriage. It is not the separate property of either."

In support of her contention, appellant quotes the following language from the Sharpe case:

> "It has been held uniformly that the right of survivorship is one of the incidents of estates by entireties, and that the surviving tenant takes the whole of such estate, not by the *jus accrescendi* as a joint tenant, but on the theory that the title to the whole estate vested in each one of said tenants at the time of the creation of the estate. . . . No court so far as we are advised has ever held that the estate by entireties vest in a legal entity distinct from both husband and wife, and we cannot so hold without going counter to many principles of law long recognized and applied by the courts."

In that case in the paragraph immediately preceding the quotation we used in our original opinion herein, this court said:

> "By a fiction of the common law, *the husband and wife were regarded as one person,* the legal existence of the wife being suspended during coverture, or at least incorporated and consolidated into that of the husband. 1 Blackstone's Comm. *442. Upon this legal fiction of the unity of husband and wife rests all the distinctions and peculiarities which distinguish the estate by entireties from other joint estates. 'It is the legal notion of unity of two persons, who are husband and wife, which gives occasion to the construction of an entirety of interest on their tenancy.' 1 Preston, Estates *132. An estate by entireties is created when a husband and wife take an estate to themselves jointly by grant or devise, or by limitation of a use made to them

during coverture. 1 Preston, Estates *131. On account of the unity of persons of husband and wife by marriage, *they take the estate as one person . . .*" (our emphasis)

In that case we further pointed out that an estate by entireties can be created only as between husband and wife "and is dependent entirely on *the unity of their persons by marriage*". And anything which has the effect of destroying this unity, such as divorce, destroys the estate. We further said in that case, "While the statutes of this state have removed most of the common disabilities of a married woman, the common law *unity of husband and wife is preserved* in so far as that fiction is necessary to uphold the estate by entireties." There are numerous other expressions to the same effect in both the original opinion and the opinion on rehearing in that case. The question before this court then was whether property owned by appellants as tenants by the entireties was subject to levy and sale in satisfaction of a joint judgment against them.

In the quotation from our original opinion in this case (set out above), we did not say entirety property was held in an "entity distinct from both husband and wife". All we said is that such property "is held by the entity created by marriage". Because as stated in the above quoted authorities, through a fiction of the common law, husband and wife are regarded as one person. Furthermore, the language from the Sharpe case relied on by appellant herein was used in rejecting the contention that the unity of husband and wife, recognized by the common law is to be regarded as a separate legal entity distinct from the husband or the wife, or both combined, in much the same way the directors and officers of a corporation represent the

corporation. We adhere to our statement in the original opinion on this question.

In her petition she further contends that we erred in holding the question of the ownership of the entireties property was before the trial court in this action. She bases this contention on the fact that both the complaint and cross complaint averred this property was held by the parties as tenants by the entirety. The complaint of appellee asked the court to determine the property rights of the parties. The cross complaint asked for alimony in the sum of $10,000.00.

We are of the opinion these allegations were sufficient to not only authorize the trial court but made it its duty to take into consideration the value of this property in adjusting the property rights of the parties.

She next asserts the authorities we cited in support of the proposition that it is the right and duty of the court in such cases to settle and determine the property rights of the parties have no application, because in those cases there was no "such question" as is presented here. The fact the cited cases did not involve entireties property does not change the principle. We know of no authority which asserts that in such cases the trial court may not consider the value of entireties property in adjusting the property rights of the parties.

Appellant again reiterates her original contention that the order directing the conveyance of this property was in effect the allowance of alimony to the husband. She therefore contends neither §3-1218 Burns 1946 Repl. nor the cases of *Gray* v. *Miller* (1952), 122 Ind. App. 531-538, 106 N. E. 2d 709 and *Baker* v. *Baker* (1952), 123 Ind. App. 152, 108 N. E. 2d 70, cited in our original opinion have any application because the statute is an alimony statute and in the cases cited the wife received the property in lieu of alimony. Our

original opinion recognized the above section of the statute as an alimony statute by quoting with approval the statement in the Gray case. Nor did we cite either the Gray or Baker cases as an authority for the granting of alimony to a husband. We specifically held the order directing the transfer of the property to appellee was not alimony. The finding of the trial court sustains this conclusion. It specifically stated it was made in settlement of the respective property rights of the parties. We cited the last mentioned cases to show the *broad powers* of a divorce court to make a *fair, equitable and final adjustment* of all the property rights of the parties. However, we believe as stated in the Gray case the legislature by enacting the above referred to section of the statute expressed its approval of the decisions of the Supreme Court and this court in their holdings that divorce courts had broad powers to adjudicate the property rights of parties and that in the exercise of those powers such courts had the authority where equity and justice required it to order the transfer of property, including entireties property, between the parties.

Appellant contends our opinion contravenes a ruling precedent of the Supreme Court announced in the case of *Alexander* v. *Alexander* (1895), 140 Ind. 560, 40 N. E. 55. That case has no application. In that case there was no divorce. There was dicta in the opinion which would support appellant's contention. However, such dicta has been overruled. *Mendenhall* v. *Mendenhall* (1946), 116 Ind. App. 545, 555, 64 N. E. 2d 806, and authorities there cited.

In our original opinion in summarizing the evidence, we intentionally omitted reference to some of the evidence as to the gross misconduct of appellant. The record in this case discloses that after appellee contracted the loathsome disease from appellant which per-

manently crippled him and materially reduced his ability to earn a livelihood, he forgave her and bought the income property involved herein so that they might have a home. Subsequent to this magnanimous conduct the record is replete with evidence appellant committed repeated acts of adultery. Appellant, in her brief, as indicated in our original opinion, admitted this.

In the case of *Mendenhall* v. *Mendenhall, supra,* we quoted with approval the following rule from *Walker* v. *Walker* (1898), 150 Ind. 317, 328, 50 N. E. 68.

> "Where the wife proves recreant to her marriage obligations, and has destroyed the marital union by acts of adultery or other gross misconduct, and her husband is thereby entitled to a decree of divorce, the court granting the same, has the discretionary power, and, under proper circumstances warranting the same, will generally exercise it, and allot to the injured husband such a portion of the property or means which he had settled upon the wife as will place him in the position, to some extent at least, which he would have occupied had the union continued."

We again express our approval of this rule. It is based upon fundamental principles of decency and honesty. The record in this case demonstrates its justice.

Appellant, in her petition for rehearing, does not challenge our statement of the record as to the money appellee had at the time of their marriage and that he used all of this money on the property here involved and for living expenses. That while the wife earned about Two Thousand ($2,000.00) Dollars during the last year of their marriage, she refused to contribute anything for the maintenance of this property. That she used practically all of her earnings for her own purposes.

We are of the opinion that under the circumstances in this case the trial court had the authority and prop-

erly exercised it in directing the transfer of this property to appellee.

Petition for rehearing denied.

NOTE.—Reported in 110 N. E. 2d 51 and rehearing denied 111 N. E. 2d 90.