William K. **PARKER**, Plaintiff-Appellant,

v.

**ERIE–LACKAWANNA SYSTEM,**
Defendant-Appellee.

No. 16503.

United States Court of Appeals
Seventh Circuit.

April 10, 1968.

Rehearing Denied April 29, 1968.

Richard C. VerWiebe, Fort Wayne, Ind., for appellant.

Russel J. Wildman, Peru, Ind., for appellee.

Before HASTINGS, Chief Judge, DUFFY, Senior Circuit Judge, and CUMMINGS, Circuit Judge.

CUMMINGS, Circuit Judge.

In this diversity action, governed by Indiana law, plaintiff sued the Erie-Lackawanna System for $264,000, claiming that the railroad had wrongfully discharged him as an engineer.

In March 1964, plaintiff was serving as an engineer on defendant railroad. He was then 43 years of age and was earning between $11,000 and $12,000 a year, with 22 years of seniority. His employment was regulated by a collective bargaining agreement between the railroad and the Brotherhood of Locomotive Engineers.

Plaintiff concedes that he was obligated to comply with certain rules of the Operating Department of the railroad. Rule P of those rules provides:

"The assignment or attaching of an employee's wages by garnishee process or proceedings in aid of execution may be considered sufficient cause for dismissal."

On February 19, 1964, the Internal Revenue Service of the United States served a notice of levy against plaintiff's wages. This notice was addressed to the railroad and alleged that plaintiff owed additional taxes for 1961. Pursuant to

this levy, $399.58 out of plaintiff's wages was paid to the Government.

On March 10, 1964, the railroad sent plaintiff a notice to appear at an investigation of his violation of Rule P, to take place in the office of the Road Foreman of Engines on March 12, 1964, in Huntington, Indiana. The notice advised plaintiff that he could have a "representative or any witness" he desired present at the investigation. The notice was pursuant to Rule 46 of the collective bargaining agreement, which provided:

"Rule 46

Investigations

"An engineer will not be disciplined by record, suspended (except pending investigation) or discharged without a proper hearing. Such hearing will be held at the earliest possible time and the engineer will be notified in writing of any charge or charges and will be afforded the opportunity to have any witnesses present and the right to have representation of his choice.

"A copy of any statement made by engineer in connection with a charge or charges, if reduced to writing and signed by him, will be furnished to him and his representative.

"If after proper hearing engineer is found not guilty of the charge or charges, if suspended or discharged, he will be reinstated and paid time lost, less earnings in other employment and amount paid under Railroad Unemployment Insurance Act. Requests for reinstatement must be handled in accordance with Rule 54(c). Engineers not at fault, required by the Company to be present at investigation as witness, shall be paid for all time lost."

Because of an off-duty injury to plaintiff, the hearing was postponed until 8:00 a. m. on March 14. On March 10, two writs of attachment against plaintiff's wages were served upon the railroad. On March 13, a garnishment order with respect to his wages was served on the railroad.

The transcript of the March 14 hearing reveals that plaintiff acknowledged notice of the hearing and waived the presence of a representative and witnesses. He admitted that in February 1964, he had received notice that the Government was placing a tax levy on his wages. He acknowledged the debts covered in the writs of attachment and garnishment order and said that he was familiar with Rule P. At the hearing, he conceded that the investigation was conducted fairly and impartially. However, plaintiff subsequently denied that he had expressly admitted violation of Rule P at the hearing.

On or about March 19, 1964, the railroad discharged the plaintiff for violation of Rule P.

In the District Court, the plaintiff contended that he was wrongfully discharged because the defendant had not afforded him a "proper hearing" within the meaning of Rule 46 of the collective bargaining agreement. His principal contentions were that his signature and initials had been forged to the transcript of the March 14 hearing, and that the transcript was partially false in that he may not have been asked whether he violated Rule P.

Defendant filed a motion for summary judgment asserting that plaintiff had not exhausted his administrative remedies, and that in any event he had been properly discharged for cause. Subsequently, after the District Judge questioned the jurisdictional amount, defendant filed a motion to dismiss on the ground that the record showed that plaintiff could not meet the $10,000 diversity jurisdictional requirement (28 U.S.C. § 1332). Before ruling formally on these motions,[1] the District Court submitted the following special interrogatories to a jury:

"1. Is the document which purports to be a report of the hearing of March

1. On July 11, thirteen days before the jury trial, the District Court announced that it "will enter an extensive memorandum opinion and order denying defendant's motion for summary judgment."

14, 1964, a substantially correct reflection of the substance of the matters covered in that hearing?"

"2. Did the plaintiff, William K. Parker, place his own initials and signature, or authorize and empower someone else to place such initials and signature, on the pages of the document which purports to be a record of the hearing of March 14, 1964?"

The first interrogatory was answered "Yes" and the second "No."

A fortnight thereafter, the District Court handed down a memorandum opinion and order denying defendant's motion for summary judgment but dismissing the complaint because of plaintiff's failure to demonstrate "a sufficient amount in controversy" to confer subject matter jurisdiction. The District Court first held that under Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L. Ed. 1089, and Walker v. Southern R. Co., 385 U.S. 196, 87 S.Ct. 365, 17 L.Ed.2d 294, the National Railroad Adjustment Board did not have exclusive jurisdiction and that plaintiff had exhausted his administrative remedies to the extent required by Indiana law by carrying his grievance through the highest officer designated to handle such claims on the carrier's property. No cross-appeal has been filed to question these rulings. The court next held that the plaintiff had been properly notified of the hearing within the meaning of Rule 46 and that he was not prejudiced by the unauthorized placing of his initials and signature on the hearing report. Nevertheless, summary judgment was denied on the ground that a genuine issue of the material fact was presented as to the defendant's alleged falsification of the contents of the hearing transcript.

In granting the motion to dismiss for want of subject matter jurisdiction, the court relied on decisions under Indiana law that employment of this nature is at will, terminable at any time at the election of employer or employee. Concluding that plaintiff's employment was for an indefinite period of time, the court applied Indiana decisions that only nominal damages can be awarded in such a situation in an action for alleged wrongful discharge, so that the requisite $10,-000 jurisdictional amount was lacking.

The court also held that even if it had jurisdiction, plaintiff had received a "proper hearing" within the meaning of Rule 46 because of the jury's finding that the transcript of March 14 hearing was substantially correct. This finding rebutted falsification of the transcript, the only irregularity advanced as to the hearing (apart from the nonprejudicial "forgery").

Ever since St. Paul Mercury Indemnity Co. v. Red Cab Company, 303 U.S. 283, 288–289, 58 S.Ct. 586, 590, 82 L.Ed. 845, a complaint is not to be dismissed for want of jurisdictional amount unless "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." See 1 Moore's Federal Practice (2d ed.) ¶¶ 0.91[1], 0.92[1], 0.93[1] and 0.93[3]. There was no such "legal certainty" here, for otherwise the District Court would hardly have referred the issue of the falsity of the transcript to the jury. If the jury had found that the defendant falsified the jury transcript, the requisite jurisdictional amount might have been present.[2] See Shiels v. Baltimore & Ohio RR. Co., 154 F.Supp. 917, 926 (S.D.Ind.1957)[3], affirmed on other grounds, 254 F.2d 863 (7th Cir. 1958).

2. Plaintiff asserts that since he earned between $11,000 and $12,000 a year at the time of his March discharge, the $10,000 jurisdictional amount would have easily been satisfied between then and the August 1967 judgment if his discharge were wrongful for want of a proper hearing.

3. For the purpose of this appeal, it is unnecessary to decide whether the *Shiels* case applied Indiana law in determining that the jurisdictional amount was present. Cf. Pearson v. Youngstown Sheet and Tube Co., 332 F.2d 439 (7th Cir. 1964); Atkins v. Van Buren School Township, 77 Ind. 447, 449 (1881); Davis v. Davis, 197 Ind. 386, 151 N.E. 134 (1926); Montgomery Ward & Co. v. Guignet, 112 Ind.App. 661, 45 N.E.2d 337 (1942); Speeder Cycle Co. v. Teeters, 18

We have examined the transcript of the March 14 hearing that the jury found to be "substantially correct." It shows that plaintiff did receive a "proper hearing" within the meaning of Rule 46 and that he was discharged for cause for violation of Rule P. On the merits of the controversy, the judgment of the District Court is affirmed.

Ind.App. 474, 48 N.E. 595 (1897). That question was not argued on *Shiels'* appeal.